IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 06-249-2 (PLF) |
| | : | |
| v. | : | |
| | : | |
| SUNIL AGRAWAL, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO
MODIFY CONDITIONS OF RELEASE**

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant's motion to modify conditions of release. In support of this motion, the United States submits the following, in addition to representations to be made to the Court at any hearing to be held in this matter.

PROCEDURAL BACKGROUND

On September 26, 2006, the defendant Sunil Agrawal was arrested on a warrant issued upon an Indictment returned by a Grand Jury in the District of Columbia on August 18, 2006, charging him with federal bribery, conspiracy and aiding and abetting those acts. At his initial appearance on September 27, 2006, the government proposed a combination of conditions[1] that it deemed necessary to assure the appearance of the defendant in court in the District of Columbia. The government's initial request was based on the fact that the defendant had no ties to the District of Columbia, the strength of the government's case and high potential penalties give the

---

[1] The government proposed that the following combination of conditions of release would reasonably assure the appearance of the defendant: $50,000 cash bond; surrender of all passports; the defendant not leave the continental United States; travel within the United States be restricted between Washington, D.C. and New York; defendant check in with pretrial services daily by telephone and electronic monitoring.

defendant strong incentive to flee and the defendant was well aware of the pending charges against him for at least 30 days before he "voluntarily" returned to the United States. The Court ordered the defendant released upon the following conditions: signing a $10,000 unsecured appearance bond; report weekly to pretrial services in New York; remain within the continental United States; restricted travel within the Eastern District of New York and Southern District of New York and Washington, DC. A status date was set before the Honorable Paul L. Friedman on October 12, 2006, at which time a trial date was set March 14, 2007.

## ARGUMENT

The conditions of release originally proposed by the government were reasonable and the conditions set by the Court are minimally sufficient to assure the appearance of the defendant. A further modification of the conditions with a trial date in March 2007, is unreasonable. The defendant maintains that he needs to travel to meet business clients. There is nothing to prevent business clients from traveling to meet the defendant. Whereas the defendant Sunil Agrawal, has ties to the United States, he has no ties to the District of Columbia. Sunil Agrawal is a 47- year-old Indian national holding lawful permanent resident status in the United States. He is married and has two children, and claims as his U.S. residence in the State of New York.

The strength of the government's case, and the high potential penalties the defendant faces, give him strong incentive to flee. The indictment returned by the grand jury in this case sets forth detailed facts demonstrating that the government possesses strong evidence that the defendant engaged in a concerted scheme, to expedite visa interview appointments for his employees and have visas issued in exchange for bribes. Some of that evidence is in the form of electronic communications between defendant Sunil Agrawal and defendant Michael John

O'Keefe, Sr., a US Department of State consular officer. Defendant Sunil provided benefits to defendant O'Keefe to influence him in the performance of official acts and to induce O'Keefe to act and fail to act in violation of his lawful duties. There is no evident factual or legal defense to the allegations the grand jury has lodged against the defendant.

The statutory maximum penalties of the charges in the indictment are substantial: 5 years of imprisonment for Count One (conspiracy), 15 years of imprisonment for Counts Two and Three (bribery) as well as a fine of three times the bribe amount. Each charge also carries a potential fine of up to $250,000. Even under a non-binding United States Sentencing Guidelines calculation, the final sentencing range will be numerous years even though the defendant has no known prior criminal record. Thus, the risk of remaining to stand trial and face conviction are high, indeed.

The defendant has the knowledge and means to flee and remain out of the Court's reach. The defendant is the CEO of STS Jewels which is located in New York and has offices in Bangkok, Hong Kong, Japan, India, Dubai and Tanzania. He is an international businessman having traveled extensively around the world. He has certainly developed associations around the world upon whom he could call for assistance in remaining away from the United States – including his business associates. Although the government has possession of his passport and green card, we do not know what other illegal identity or travel documents he has access to.

The strength of the case against this defendant, and the substantial potential penalty it bears, give the defendant abundant incentive to avoid conviction by fleeing, 18 U.S.C. §3142(g), and, once having fled the country, it would be extremely difficult, if not impossible, to bring him back before the Court to stand trial in this case.

CONCLUSION

The government hereby proffers to this Court that the indictment and the facts stated above, taken all together, fully support the existing conditions of release of this defendant.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the defendant be ordered to continue the present conditions of release.

Respectfully submitted,

JEFFERY A. TAYLOR
United States Attorney
D.C. Bar Number 498610

By: _____

BRENDA J. JOHNSON
Assistant United States Attorney
D.C. Bar No. 370737
202/353-4154
brenda.johnson@usdoj.gov

National Security Section
555 4th Street, N.W. – 11th Floor
Washington, D.C. 20530

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing was served by fax to counsel for the defendant:

  Thomas C. Green, Esquire
  Sidley Austin Brown &Wood LLP
  1501 K Street, N.W.
  Washington, D.C.  20005
  Fax - (202) 736-8000

this 17th day of October, 2006.

               _____
               Brenda J. Johnson
               Assistant United States Attorney