**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
UNITED STATES OF AMERICA,                          :
:
v.                                                 : Criminal Case Number:
:
SUNIL AGRAWAL,                                     : 1:06-cr-00249-PLF
:
Defendant.                                  :
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**REPLY IN SUPPORT OF
MOTION TO MODIFY CONDITIONS OF RELEASE**

Defendant, Sunil Agrawal, through counsel, respectfully submits this reply in support of his motion to modify conditions of release. If the Court concludes that a hearing on the pending motion is necessary, defendant respectfully requests a hearing on the earliest date convenient for the Court and the government.

In its opposition, the government argues that the Court should deny Mr. Agrawal's motion because Mr. Agrawal is a flight risk and because STS Jewelry, Inc.'s ("STS") clients could travel to New York to meet with Mr. Agrawal. Gov't's Opp. at 2.

The Court should grant Mr. Agrawal's motion for four reasons. <u>First</u>, if Mr. Agrawal was going to attempt to flee, he would have done so already. Mr. Agrawal was out of the country with his travel documents <u>and</u> his family when he learned of the charges. Rather than attempt to flee, Mr. Agrawal voluntarily returned to the United States to defend himself. Moreover, he returned, notwithstanding the fact that he could not—despite his best efforts—reach an agreement with the government to voluntarily surrender. As a result, upon his return,

he was arrested and held overnight in D.C. jail. Mr. Agrawal was aware of the fact that these would be the consequences of him returning.

The government's argument that Mr. Agrawal's motion should be denied because Mr. Agrawal has no legal or factual defense is, with due respect, nonsense. Presumably, prior to criminally charging someone, the government concludes that its charges are legally and factually well-founded and is confident of its case. That, however, does not mean that the defense or the Court and the jury will conclude that the defendant has no legal or factual defenses. Mr. Agrawal returned to the United States to vigorously defend himself precisely because he firmly believes he is innocent. He intends to file motions to dismiss the indictment and, if necessary, defend himself at trial.

Second, the government's view that customers should simply travel to New York to meet with Mr. Agrawal is entirely devoid of any business reality. STS's large customers reasonable expect that Mr. Agrawal travel to meet with them at their offices. Moreover, given the recent death of STS's President who was responsible for interfacing with STS's large customers and the pendency of the indictment, it is particularly important that Mr. Agrawal personally meet with STS's large customers at their offices. To state the obvious, Mr. Agrawal has not been convicted of any offense. In today's environment, however, an indictment can easily lead to the demise of a business. Absent a conviction, Mr. Agrawal should be permitted to attempt to prevent any adverse effect on STS and its many hard working employees.

Third, allowing Mr. Agrawal to travel domestically will not increase the risk of flight. He has surrendered his travel documents. And he has volunteered to alert Pretrial Services of his intention to travel 24 to 48 hours before traveling and of his return within 24 hours.

2

<u>Lastly</u>, Mr. Agrawal, who lacks a criminal record, has substantial ties to the United States. His wife has a green card and his two children are United States citizens. His wife and young child reside in New York with Mr. Agrawal. (Mr. Agrawal's older child is doing an internship in China and will return to attend college in the United States upon the completion of the internship.) The bulk of his financial assets are in the United States. Furthermore, the overwhelming majority of STS's business is in the United States.

WHEREFORE, for these reasons stated above and in Mr. Agrawal's motion, and for the reasons proffered by counsel in the event of a hearing before the Court, counsel respectfully requests that the Court modify Mr. Agrawal's conditions of release to permit him to travel within the continental United States pursuant to these conditions or any others that the Court deems appropriate.

Respectfully submitted,

_____/s/_____
Thomas C. Green (D.C. Bar #14998)
Mark D. Hopson (D.C. Bar #394338)
Juan P. Morillo (D.C. Bar #475196)
Matthew B. Hsu (D.C. Bar #488610)
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8000
(202) 736-8711 (fax)

Dated: October 20, 2006