IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 06-249-2 (PLF) |
| v. | : | |
| SUNIL AGRAWAL, | : | |
| Defendant. | : | |

## GOVERNMENT'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO TEMPORARILY MODIFY CONDITIONS OF RELEASE

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant's motion to temporarily modify conditions of release. In support of this motion, the United States submits the following:

### PROCEDURAL BACKGROUND

On September 26, 2006, the defendant Sunil Agrawal was arrested on a warrant issued upon an Indictment returned by a Grand Jury in the District of Columbia on August 18, 2006, charging him with bribery, conspiracy and aiding and abetting those acts. At his initial appearance on September 27, 2006, the government proposed a combination of conditions[1] that it deemed necessary to assure the appearance of the defendant in court in the District of Columbia. The government's initial request was based on the fact that the defendant had no ties to the District of Columbia, the strength of the government's case, and the existence of high potential

---

[1] The government proposed that the following combination of conditions of release would reasonably assure the appearance of the defendant: $50,000 cash bond; the surrender of all passports; the requirement that the defendant not leave the continental United States; the defendant's travel within the United States would be restricted between Washington, D.C. and New York; the defendant should check in with pretrial services daily by telephone; and electronic monitoring.

penalties which give the defendant strong incentive to flee, and the defendant's awareness of the pending charges against him for at least 30 days before he "voluntarily" returned to the United States. The Court ordered the defendant released upon the following conditions: signing a $10,000 unsecured appearance bond; weekly reporting to pretrial services in New York; remaining within the continental United States; and restricted travel within the Eastern and Southern Districts of New York and Washington, DC.

On October 16, 2006, the defendant filed a motion to modify the conditions of release to allow the defendant to travel domestically for business purposes. On October 17, 2006, the government filed an opposition to that motion stating many of the same factors which are still in existence today and restated herein. On November 9, 2006, the court granted the defense motion permitting the defendant to travel within the continental United States for business purposes as long as he notified Pre-Trial Services in the Southern District of New York within 24 to 48 hours prior to travel and reported to Pre-Trial Services within 24 hours upon his return.

On January 5, 2007, the defendant filed the instant motion to further temporarily modify conditions of his release.

## ARGUMENT

The defendant's motion to temporarily modify conditions of release to allow him to travel to London, England and Dusseldorf, Germany should be summarily denied. The government strongly opposes the virtual unrestricted international travel of a non-U.S. citizen who is currently under indictment. The present conditions set by the Court are minimally sufficient to assure the appearance of the defendant. A modification of the conditions, however temporary, that would allow the defendant to travel further outside the jurisdiction and reach of the court is ill

advised. The defendant maintains that he needs to travel to meet business clients, conduct interviews, and oversee business operations. The government is certainly not attempting to advise the defendant as to how to operate his business; however, with the technology available in 2007, and the international nature and resources of STS Jewels, Inc., the defendant has numerous options short of leaving the continental United States.

The defendant maintains that an attorney from Sidley Austin LLP would accompany the defendant on the trips and/or the defendant's wife would surrender her passport for the duration of the trips. These offers do not provide sufficient assurance of the defendant's return. An attorney or other third person would have no power or authority to "force" or even insist that the defendant return to the United States were he to decide not to do so. Moreover, even if the defendant's wife were to surrender her current passport, there is nothing to prevent her from going to the Indian Embassy to request a new one.

The defendant maintains that the United States government would somehow have the ability to restrict travel outside the United States of the defendant, who would be traveling on an Indian passport. That is simply not the case. Once the defendant leaves the United States, the United States government would be unable to place any restrictions on a foreign passport holder. Furthermore, the defendant could travel throughout the European Union without crossing a border or having a need to show documents. The government's only option of securing the presence of the defendant should he choose not to return to the United States would be to seek a provisional arrest warrant based on a warrant issued by this court for his arrest and then to seek his extradition back to the United States.

The strength of the government's case and the high potential penalties the

defendant faces give him strong incentive to flee. The indictment returned by the grand jury in this case sets forth detailed facts demonstrating that the government possesses strong evidence that the defendant engaged in a concerted scheme to expedite visa interview appointments for his employees and to have visas issued in exchange for bribes to a public official. Some of that evidence is in the form of electronic communications between Defendant Sunil Agrawal and Defendant Michael John O'Keefe, Sr., a US Department of State consular officer. Defendant Agrawal provided benefits to Defendant O'Keefe to influence him in the performance of official acts and to induce Defendant O'Keefe to act and fail to act in violation of his lawful duties. There is no evident factual or legal defense to the allegations the grand jury has lodged against the defendant.

The statutory maximum penalties of the charges in the indictment are substantial: 5 years of imprisonment for Count One (conspiracy), 15 years of imprisonment for Counts Two and Three (bribery), as well as a fine of three times the bribe amount. Each charge also carries a potential fine of up to $250,000. Even under a non-binding United States Sentencing Guidelines calculation, the final sentencing range will be numerous years even though the defendant has no known prior criminal record. Thus, the defendant faces a substantial risk by returning to stand trial and face conviction.

Defendant Agrawal is a 47- year-old Indian national holding lawful permanent resident status in the United States. The defendant has the knowledge and means to flee and remain out of the Court's reach. The defendant is the CEO of STS Jewels, Inc., which is an international company with offices worldwide. He can maintain and operate his business from anywhere throughout the world. He has certainly developed associations around the world upon whom he

could call for assistance in remaining away from the United States – including his business associates.

The strength of the case against this defendant and the substantial potential penalty it bears give the defendant abundant incentive to avoid conviction by fleeing, 18 U.S.C. §3142(g), and, once having fled the country, it would be extremely difficult, if not impossible, to bring him back before the Court to stand trial in this case. In the event the Court decides to allow Defendant Agrawal to travel on these two specified trips, the government requests that the court obtain the maximum assurances to guarantee the defendant's future presence. Possible mechanisms could be, but are not limited to, securing the passports of his wife and children and having the defendant file a detailed and verifiable itinerary including his flight plan, and lodging locations, with pretrial services. Moreover, Defendant Agrawal would need to surrender his passport immediately upon his return, and existing bond conditions would immediately apply again.

## CONCLUSION

The government hereby proffers to this Court that the indictment and the facts stated above, taken all together, fully support the existing conditions of release of this defendant.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the defendant's motion to temporarily modify conditions of release be denied.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney
        D.C. Bar Number 498610

By: _/s/ Brenda J. Johnson_
        BRENDA J. JOHNSON
        DENISE CHEUNG
        Assistant United States Attorneys
        National Security Section
        555 4th Street, N.W. – 11th Floor
        Washington, D.C. 20530

        (202) 354-4154
        (202) 307-2845

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by fax to counsel for the defendant:

Thomas C. Green, Esquire
Sidley Austin Brown &Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005
Fax - (202) 736-8000

this 5th day of January, 2007.

Brenda J. Johnson
Assistant United States Attorney