IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Case No 1:06-cr-00249-PLF |
| ) | |
| MICHAEL JOHN O'KEEFE, SR. and ) | |
| SUNIL AGRAWAL, ) | |
| ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF MOTION TO
TEMPORARILY MODIFY CONDITIONS OF RELEASE**

In its opposition to Mr. Agrawal's motion for a temporary modification of his conditions of release, the government for the third time raises the specter of a parade of horribles that may ensue if the Court grants the motion. Indeed, the government basically repeats verbatim its previous reasons for originally proposing onerous conditions of release (which the Court rejected) and for opposing Mr. Agrawal's previous motion to modify his conditions of release. The fact is, however, that none of the government's feared parade of horribles have come to pass. Mr. Agrawal has not fled. Indeed, Mr. Agrawal has not violated any of his conditions of release.

Mr. Agrawal's family, business, and social life are based in the U.S. His family resides in the U.S. His business is focused on the U.S. The bulk of his assets are in the U.S.

Mr. Agrawal voluntarily returned to the U.S. to face the charges against him even though he knew he would probably be arrested and incarcerated upon his return. He was in fact arrested, and he did in fact spend a night in jail notwithstanding his repeated but unsuccessful efforts to negotiate reasonable surrender terms with the government in order to obviate the need for the government to arrest and incarcerate him.

The government's reflexive opposition (the government declined to even attempt to reach a negotiated resolution) is premised on four unfounded arguments. First, the government states that it opposes "the virtual [sic] unrestricted international travel" of Mr. Agrawal. Government's Opposition at 2. Mr. Agrawal, however, is only seeking permission to make two short (entailing three to four days each) international trips. Moreover, he is fully amenable to substantial restrictions including (1) surrendering his passport and other travel documents upon clearing Immigration and Customs to a Sidley Austin LLP lawyer who would accompany him; (2) having his wife and children surrender their travel documents (including their passports); (3) daily reporting to Pretrial Services during his two trips; and (4) any other condition the Court deems appropriate.

Second, the government states that Mr. Agrawal should be able to operate his international operations from the U.S. *Id.* at 3. The government's view is devoid of any business reality as was its previous argument (opposing Mr. Agrawal's prior motion for a modification of his conditions of release) that STS Jewels, Inc.'s ("STS") clients should travel to New York to meet with Mr. Agrawal (instead of Mr. Agrawal traveling to their offices). Mr. Agrawal cannot virtually recruit the Chief Executive Officer for STS's U.K. operations or inspect STS's suffering German operations.

Third, the government states that Mr. Agrawal's wife's offer to surrender her passport is of no moment because she could readily obtain a new one. *Id.* As Mrs. Agrawal states — under penalty of perjury — in her attached affidavit, she will not seek to obtain any new travel documents (including a new passport) nor will she make any efforts to travel internationally during the pendency of the two trips.

Lastly, the government repeats an argument it used to oppose Mr. Agrawal's previous motion. Specifically, the government states that Mr. Agrawal has no legal or factual defense. *Id.* at 4. Mr. Agrawal and his counsel beg to differ. Mr. Agrawal will shortly be filing an extensive motion to dismiss the indictment on the basis, *inter alia*, that Indictment has failed to allege conduct that satisfies, as a matter of law, the elements of the bribery statute. In addition, Mr. Agrawal has substantial factual defenses including the fact that the visa appointments at issue in this case are routinely expedited by the government for celebrities, prominent individuals, and established companies. (The issue in this case is only whether the appointments to obtain approval to re-enter the U.S. were inappropriately <u>expedited</u> not whether (1) they would have taken place, (2) the underlying H-1B classification should have been granted or (3) the H-1B visas would have otherwise been approved. *See* Indictment.[1]) Moreover, Mr. Agrawal and his co-defendant, Michael John O'Keefe Sr., were good friends long before Mr. O'Keefe was assigned to the consulate in Toronto.

In its opposition, the government states that if the Court were to grant Mr. Agrawal's motion, the Court should require that (1) Mr. Agrawal's wife and children surrender their passports; (2) Mr. Agrawal provide Pretrial Services with a detailed itinerary for each of the

---

[1] The H-1B classification is a temporary, employer-sponsored professional work classification issued by the U.S. Bureau of Citizenship and Immigration Services ("CIS"). There are three prerequisites to obtaining H-1B status: (1) a U.S. employer must offer a position that requires a bachelor's degree in a specialty occupation, (2) a foreign worker must have that degree, and (3) the employer must attest that it will comply with Department of Labor protections for U.S. workers.

The Department of State has no input on an individual's eligibility for H-1B classification. A consular officer only issues the H-1B visa, or "visa stamp" — a Department of State document that is placed in the passport to permit someone who has already been approved for H-1B classification to seek entry into the U.S. In contrast to the adjudication of some other types of visas, consular officers make no substantive determination regarding a visa applicant's eligibility for an H-1B visa. Indeed, the only bases on which consular officers can deny H-1B visa applications are admissibility or security issues.

WHEREFORE, for the above reasons, counsel respectfully requests that the Court grant Mr. Agrawal's Motion to Temporarily Modify Conditions of Release Mr. Agrawal to travel to London, England and Dusseldorf, Germany pursuant to the conditions that the Court deems appropriate.

Dated: January 8, 2007

Respectfully submitted,

/s/

Thomas C. Green (D.C. Bar #14998)
Mark D. Hopson (D.C. Bar #394338)
Juan P. Morillo (D.C. Bar #475196)
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8000
(202) 736-8711 (fax)