

|  |  |  |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | GENEVA | SAN FRANCISCO |
| 1501 K STREET, N.W. | BRUSSELS | HONG KONG | SHANGHAI |
| WASHINGTON, D.C. 20005 | CHICAGO | LONDON | SINGAPORE |
| (202) 736 8000 | DALLAS | LOS ANGELES | TOKYO |
| (202) 736 8711 FAX | FRANKFURT | NEW YORK | WASHINGTON, DC |

tcgreen@sidley.com
(202) 736-8069

FOUNDED 1866

December 22, 2006

**By E-mail**

Brenda J. Johnson
Assistant United States Attorney
555 Fourth Street, N.W.
Room 11-441
Washington, D.C. 20530

Re:    United States v. O'Keefe and Agrawal, No. 1:06-cr-00249-PLF

Dear Brenda:

I am writing regarding various discovery related issues, including your letter to defense counsel dated November 6, 2006. In particular, this letter sets forth our first set of discovery requests.

Before proceeding to set forth those requests, I want to comment on the government's proposed plea agreement which you forwarded on December 19, 2006. I am not in a position to advise my client with respect to that matter until I have reviewed the government's responses to the discovery requests contained in this letter. Accordingly, I believe that it is only fair and appropriate that the time for responding to your plea offer be extended for a reasonable period following the government's provision of discovery, to include time for any judicial resolution of any discovery disputes. If you are not inclined to agree with my suggestion, we have no option other than to reject the proposed plea agreement.

1.    **Oral Statements**.    In your November 6, 2006 letter, the government disclosed the substance of two oral statements made by defendant Agrawal to law enforcement officers on August 24, 2006 and September 26, 2006. We request disclosure of any additional oral statements made by defendant Agrawal to any government agent, before or after arrest, including but not limited to additional statements that may become available to the government in the future. *See* Fed. R. Crim. P. 16(a)(1)(A). Pursuant to Rule 16(a)(1)(B)(ii), we also request access to "the portion of any written record containing the substance of any relevant oral statement" made by Agrawal to any government agent, including but not limited to, any existing memoranda, rough notes, or other documents prepared by government agents that summarize the substance of any oral statements made by defendant Agrawal. *See United States* v. *Safavian*, 233 F.R.D. 12, 17; *United States* v. *Johnson*, 525 F.2d 999 (2d Cir. 1975). This request also includes inspection of statements by prospective government witnesses that "contain the substance of any relevant written or oral statements made by [defendant Agrawal] that are disclosable under Rule 16(a)(1)(A) or (B)." *Safavian*, 233 F.R.D. at 16.

**SIDLEY**

Brenda Johnson
December 22, 2006
Page 2

 **2.**    <u>Written or Recorded Statements</u>.  We request that the government disclose and make available any unproduced written or recorded statements made by defendant Agrawal—whether or not made to government agents.  *See* Fed. R. Crim. P. 16(a)(1)(B)(i); *United States* v. *Halderman*, 559 F.2d 31, 74 n.80 (D.C. Cir. 1976) (en banc), *cert. denied*, 431 U.S. 933 (1977) (Production of a defendant's statements is "practically a matter of right even without a showing of materiality.")  This request encompasses all statements or recordings within the possession, custody, or control of "any and all agencies and departments of the Executive Branch of the government and their subdivisions, not just the Justice Department and other law enforcement agencies."  *Safavian*, 233 F.R.D. at 14-15 (D.D.C. 2005).  In particular, this request includes the following materials:

 **(a)**    All written or recorded statements of, or attributable to, defendant Agrawal, whether collected and preserved in hardcopy or electronic format, including but not limited to, documents, papers, correspondence, memoranda, "print-outs" of electronic or computerized data, and any electronic or computerized recorded data, such as email, electronic document files (*e.g.*, Word, Excel, .tiff, .pdf, .html, etc.), facsimiles, instant messaging logs, etc. *See id.*

 **(b)**    All recorded audio and/or video statements or conversations of, or attributable to, defendant Agrawal that were obtained through any means, including electronic surveillance.  *See United States* v. *Black*, 282 F. Supp. 35, 37 (D.D.C. 1968); *United States* v. *Byrant*, 439 F.2d 642, 648-49 (D.C. Cir. 1971); *United States* v. *Caldwell*, 543 F.2d 1333, 1353 n. 94 (D.C. Cir. 1975) ("[A]ll recorded conversations between the accused and persons other than governmental agents are within the rule.").

 In addition, we request that the government provide information regarding the specific steps and procedures that were taken to (i) forensically discover all electronic data, (ii) cull and process all electronic data, and (iii) generate and produce the electronic data the government provided on October 2, 2006 and December 7, 2006.  *See Bryant*, 439 F.2d at 651. Specifically, we request that the government explain why emails collected from defendant O'Keefe's computer were produced in several different file formats (*e.g.*, .txt, .doc, .html, etc.), and why unique emails were apparently copied-and-pasted successively into editable Microsoft Word or text files, instead of produced as separate files in the form in which they are normally maintained.  *Cf.* Fed. R. Civ. P. 34 (effective Dec. 1, 2006).

 **3.**    <u>Discovery that is Material to Preparing the Defense</u>.  Pursuant to Rule 16(a)(1)(E), we request that the government make available any unproduced "books, papers, documents, data, photographs, tangible objects .. or copies or portions of any of these items" (hereinafter "Items") that (i) the government intends to use in its case-in-chief at trial, (ii) were obtained from or belong to defendant Agrawal, or (iii) are responsive to the requests below.  All

**SIDLEY**

Brenda Johnson
December 22, 2006
Page 3

requests pursuant to Rule 16(a) encompass Items within the possession, custody, or control of "any and all agencies and departments of the Executive Branch of the government *and their subdivisions,*" *Safavian*, 233 F.R.D. at 14-15 (emphasis added), including but not limited to, the Justice Department, the Department of Homeland Security, the State Department, Bureau of Consular Affairs, any investigative agency or unit involved in the subject matter of the Indictment, such as the Diplomatic Security Service, the Vulnerabilities and Assessment Unit, and the Visa and Passport Analysis Unit, as well as Items provided to the federal government by the Nevada Gaming Commission.

Items responsive to the following requests are material to the preparation of defendant Agrawal's defense because the government's entire case centers around allegedly improper expedited visa appointment procedures. There is a strong indication that the requested Items will play an important role in uncovering admissible evidence, uncovering the identity of potential witnesses, aiding witness preparation, corroborating testimony, and providing evidence for impeachment or rebuttal. *See United States* v. *Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993). The relevant time period covered by the discovery requests is January 1, 2004 through the Present.

More specifically, we request:

(a)   All Items related to internal policies and procedures of the State Department and the Toronto Consulate that govern any functions formerly performed by defendant Michael O'Keefe.

(b)   All Items related to visa applications, requests for visa interview appointments, requests for expedited visa interview appointments, and grants and/or denials thereof for STS Jewels, Inc. employees.

(c)   All Items related to internal policies and procedures of the various embassies and consulates, and the State Department that relate to visa interview appointments, expedited requests for visa interview appointments, and the discretion, if any, given to pertinent government personnel to either grant or deny such requests.

(d)   All Items related to requests for expedited visa interview appointments made to the United States consulate in Toronto, Canada, including but not limited to, emails, faxes, letters, notes, memoranda, or other correspondence received by the consulate in Toronto, without regard to which consular officer(s) handled the request.

(e)   All Items related to the responses to requests for expedited visa interview appointments identified in subsection (d), whether sent to the person requesting expedited processing or to any

# SIDLEY

Brenda Johnson
December 22, 2006
Page 4

corporation, company, or third party, and without regard to which consular officer(s) handled the request.

(f)     All Items showing the names of all corporations, companies, and/or individuals who were granted expedited treatment of class H visas at the following embassies and/or consulates:  Montreal, Canada, Ottawa, Canada; Toronto, Canada; Vancouver, Canada; Winnipeg, Canada; Mexico City, Mexico; Ciudad Juarez, Mexico; Guadalajara, Mexico; Hermosillo, Mexico; Matamoros, Mexico; Monterrey, Mexico; Nogales, Mexico; Nuevo Laredo, Mexico; Puerto Vallarta, Mexico; and Tijuana, Mexico.

(g)     All Items from the Department of State showing statistical information—or databases and data compilations from which any statistical information may be compiled—regarding requests for expedited visa interview appointments that were made to any or all of the various United States embassies and/or consulates, including but not limited to, information regarding the number of requests that were granted, denied, or otherwise disposed of.

(h)     All Items from the Department of State related to information on the actual or average wait time for visa interview appointments at the various U.S. embassies and consulates (over the relevant time period).

(i)      All Items from the United States Consulate in Toronto, Canada related to any complaints (formal or informal) against Michael O'Keefe, and a copy of Mr. O'Keefe's personnel file.

(j)      All Items showing communications or correspondence between Michael O'Keefe and any STS Jewels, Inc. employee.

(k)     All Items obtained by the government as the result of surveilling Sunil Agrawal, Michael O'Keefe, any STS Jewels, Inc. employee, and/or the persons referred to as "exotic dancers" in the Indictment, including identification of the dates and places of the surveillance.

(l)      Specific "information as to what specific efforts were made to search for responsive documents, including the extent of the search for responsive documents within the possession, custody or control of" the Justice Department, the State Department, and Department of Homeland Security. *Safavian*, 233 F.R.D. at 21.

# SIDLEY

Brenda Johnson
December 22, 2006
Page 5

Pursuant to Rule 16(a)(1)(E) and/or *Brady* v. *Maryland*, we also request all statements made by defendant O'Keefe, whether or not made to any government agent, and request that the government identify which statements it intends to offer at trial. This request is material to the preparation of Agrawal's defense and to evaluating the applicability of *Bruton* v. *United States*, 391 U.S. 123 (1968).

**4.**    **Rule 404(b) Evidence**. Please describe the nature of any Rule 404(b) evidence you intend to offer at trial. *See* Fed. R. Evid. 404(b) ("the prosecution in a criminal case shall provide reasonable notice in advance of trial ... of the general nature of any such evidence it intends to introduce at trial").

**5.**    ***Brady* Material**. We make a standing request for prompt disclosure of any *Brady* material that is known or becomes known to the government at any time, including any discovery that may also be Jencks Act material. *See Safavian*, 233 F.R.D. at 16 ("*Brady* always trumps both Jencks and Rule 16."); *see also Brady* v. *Maryland*, 373 U.S. 83 (1963).

**6.**    ***Giglio/Bagley* Material**.    We make a standing request for prompt disclosure of any *Giglio/Bagley* material that is known or becomes known to the government at any time. *See Giglio* v. *United States*, 405 U.S. 150 (1972); *United States* v. *Bagley*, 473 U.S. 667 (1985).

**7.**    **Jencks Act Material**. We make a standing request for preservation of all Jencks Act material. *See Bryant*, 439 F.2d at 651. We also request adequate pre-trial disclosure of any Jencks Act material in order to prepare for cross-examination and avoid unnecessary delays at trial. *See* 18 U.S.C. § 3500.

We look forward to your prompt response.

Sincerely,

Thomas C. Green

cc: Sunil Agrawal