### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| v. | ) Criminal Case No 1:06-cr-00249-PLF |
|  | ) |
| MICHAEL JOHN O'KEEFE, SR. and | ) |
| SUNIL AGRAWAL, | ) |
|  | ) |
| Defendants. | ) |

### PROPOSED ORDER

Upon consideration of Sunil Agrawal's Motion to Compel, it is hereby

ORDERED that Mr. Agrawal's Motion to Compel is GRANTED; it is

FURTHER ORDERED that the government shall collect and produce documents, items, and information responsive to Mr. Agrawal's Rule 16(a)(1)(E) discovery requests as follows:

1. The relevant time period for determining responsiveness to Mr. Agrawal's requests shall be January 1, 2004 through the present.

2. The government shall conduct a search of the hard copy visa application files (and any other files likely to contain information responsive to Mr. Agrawal's requests) located at the U.S. consulate in **Ottawa, Canada; Toronto, Canada; Matamoros, Mexico; Mexico City, Mexico; Nogales, Mexico; and Nuevo Laredo, Mexico** or any relevant offsite storage facility and produce (1) any faxed or hard copy requests for expedited visa interview appointments; (2) "blue sheets,"[1] or other notices indicating that a request for an expedited

---

[1] In its discovery letter of December 7, 2006, the government refers to the form used to schedule expedited appointments at the Toronto consulate as the "Blue sheet." *See* Mem. of Law in Supp. of Mot. to Compel, at n.6 and Ex. 6.

interview was approved, denied, or otherwise disposed of; and (3) any other documents or items responsive to any of Mr. Agrawal's requests. In the alternative, the government may allow defense counsel to inspect the consulates' files and copy responsive documents.

        3.      The government shall conduct electronic searches of the relevant servers and hard drives on which email communications are stored for the U.S. embassies and consulates located in **Ottawa, Canada; Toronto, Canada; Matamoros, Mexico; Mexico City, Mexico; Nogales, Mexico; and Nuevo Laredo, Mexico.** The government shall search all email profiles/addresses likely to contain communications ("to" and "from") responsive to Mr. Agrawal's requests for information concerning expedited visa interview appointments, including, but not limited, to the email addresses listed in Mr. Agrawal's January 5, 2006 letter, the email addresses of all current and former non-immigrant visa chiefs and deputy chiefs at the respective posts during the relevant time frame, and any local foreign service nationals that process(ed) expedited visa interview requests. The government shall use the following keyword search terms (an asterisks indicates a wildcard character):[2]

        expedit*
        accelerate
        urgent
        rush
        emergency
        exigent
        accommodate w/10 appointment
        accommodate w/10 interview
        waiv* w/5 appointment
        waiv* w/5 interview
        early w/5 appointment
        early w/5 interview
        Trister (Canadian posts only)
        Dingle (Canadian posts only)
        Green  (Canadian posts only)
        Spiegel  (Canadian posts only)

---

[2] If communications at the Mexican posts are commonly conducted in Spanish, the government shall also use the Spanish language equivalents of these keyword search terms.

The government shall produce all email communications responsive to Mr. Agrawal requests. In the alternative, the government may produce for inspection all email communications containing any of the foregoing terms and allow Mr. Agrawal to make an electronic copy of responsive email communications and documents.

4. The government shall collect and produce (or allow the defense to inspect) items responsive to Mr. Agrawal's request for autographs, photographs, electronic images, media files, memorabilia of any kind or thing of value, given to or received by any employee of the U.S. consulate in **Toronto** from any individual, including any entertainment, television, movie, music, sports, or other celebrity, *in connection* with processing that person's visa application or granting an expedited visa interview appointment. The government shall formally request that the employees of the U.S. consulate in **Toronto** preserve, collect, and produce responsive items for inspection. All items obtained by current employees because of their work at the consulate are within the possession, custody, and control of the government.

5. The government shall produce pursuant to protective order all documents related to the 82 STS Jewels employees' visa applications identified on page 5 of the government's January 23, 2007 discovery response, including documents sufficient to determine the dates of the applications and reasons for refusal, if any.

6. The government shall provide all unclassified documents related to the State Department's investigation into allegations regarding the tanzanite industry which were raised by the Wall Street Journal article, *Bought, Sold by Militants Near Mine, Tanzanite Ends Up at Mideast Souks* (November 16, 2001).

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

3