**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                              )<br>    v.                         )   Criminal Case No 1:06-cr-00249-PLF<br>                              )<br>MICHAEL JOHN O'KEEFE, SR. and  )<br>SUNIL AGRAWAL,                )<br>                              )<br>            Defendants.       ) | |

**POST-HEARING MEMORANDUM IN
SUPPORT OF SUNIL AGRAWAL'S MOTION TO
COMPEL DISCOVERY UNDER RULE 16(a)(1)(E)**

Sunil Agrawal, through counsel, submits this post-hearing memorandum in support of his motion to compel discovery from the government.

At approximately 5:00 p.m. the night before the March 22, 2007 hearing on Mr. Agrawal's motion to compel, the government produced a set of additional documents to defense counsel. *See* 3/21/07 Ltr. from AUSA Johnson to T. Green and B. Grimm **(Ex. 1)**. Specifically, the documents in the government's March 21, 2007 production directly establish that:

1. Pat Haye, a consulate secretary who is a Canadian citizen, unilaterally approved requests for and scheduled expedited visa interview appointments. *See* **Ex. 1**, at 2-3.

2. Personnel at the consulate routinely granted many expedited interview appointments for any given day. *See* Redacted Copy of P. Haye Expedited Appointment Calendar **(Ex. 2)**.[1]

3. Documents and other materials regarding expedited interview appointments exist and have not been produced (*e.g.*, the underlying requests for expedited interviews made by the people listed on the expedited visa appointment calendar). The calendar even provides

---

[1] For example, the calendar lists 33 entries for expedited interview appointments on February 8, 2006. Ms. Haye scheduled similarly significant numbers of expedited interviews on other days.

        specific references to such documents.  *See, e.g.*, **Ex. 2**, at 73 ("SEE EMAIL IN JANE'S SPECIAL INT FOLDER")

4.    Before August 2006, it appears that Mr. O'Keefe's supervisor Michael Schimmel[2] authorized the approval of expedited interview appointments for reasons other than the reasons <u>currently</u> listed on the Toronto consulate's website.  That is, the consulate apparently changed — *i.e.*, tightened — its policies in conjunction with the issuance of the Indictment.  *See* **Ex. 1**, at 3-4.  Until the government produces the underlying requests and approvals, however, it is impossible to determine the exact bases for granting the expedited appointments on the calendar.

--------

The documents produced are exactly the type of evidence Mr. Agrawal has sought for months in his discovery letters and his motion to compel.  They are responsive to *at least* Requests 3(d), (e), (f), and (g) of Mr. Agrawal's December 22, 2006 discovery letter and Requests 1(a), (b) of Mr. Agrawal's January 5, 2007 discovery letter.  Nevertheless, prior to this production, the government uniformly refused to produce any materials responsive to these requests (and other requests) because of immateriality and undue burden arguments.  In fact, despite the existence of the expedited appointment calendar, the government repeatedly asserted that "no databases or data compilations are available for the government to provide to [Mr.] Agrawal."  *See, e.g.*, Gov't Opp. to Motion to Compel, at 8 n.8 (Docket No. 39).  Just as there is no question that the calendar is a data compilation, there is also no doubt that additional responsive materials exist.  The government has never denied this.

While this case focuses on activity which occurred at the US Consulate in Toronto, it is important for defendant to demonstrate that the manner in which requests for expedited visa appointments were handled in Toronto, was the norm and not the exception.

---

[2] There is little question that the government will need to call Mr. Schimmel to testify at trial.  The documents that the government produced on March 21, 2007, and the documents that have yet to be produced are critical to the impeachment of Mr. Schimmel and other witnesses, as well as to the cross-examination of the government's expert witness.

Defendant should be permitted the opportunity to establish that, in truth, expedited appointments were granted on a routine basis, often by foreign nationals employed at consulates that surround the United States, with a minimum of justification. Evidence of this nature undercuts and refutes the notion that any "official act" is involved in granting an expedited appointment and that defendants conspired to "avoid established procedures for scheduling visa interview appointments and obtain expedited visa interview appointments…." Indictment, Count 1, ¶ 9B.

Furthermore, it is fundamentally unfair for the government to make a partial production of responsive materials that go to the very heart of the Indictment. The requested materials are directly material, under the standards of Rule 16(a)(1)(E), to the elements of criminal intent and an "official act." Moreover, the government's latest production has not only corroborated that the discovery is *material* to the defense, but has established that some or all of the discovery is also *Brady* material. The government has "an affirmative duty to search possible sources of exculpatory information" and produce any "*potentially* exculpatory or otherwise favorable evidence." *See United States* v. *Safavian*, 233 F.R.D. 12, 16-18 (D.D.C. 2005) (emphasis added). "Where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure." *See id*. at 17. As a result, the government should produce the material responsive to Mr. Agrawal's discovery requests, including producing an unredacted copy of the Expedited Appointment Calendar.[3]

---

[3] At the close of the March 22, 2007 hearing, the government stated in passing that the Indictment includes both allegations of (1) wrongful expediting of appointments, and (2) wrongful issuing of entry visas by Mr. O'Keefe to STS Jewels employees. In a telephone conversation on March 23, 2007, the government repeated this position and indicated that it will produce additional discovery regarding the second allegation. Although counsel has not yet received this discovery, the government's allegation concerning the wrongful issuance of entry visas is not encompassed by the terms of the Indictment. Accordingly, if this issue is not resolved by discussions with the government, Mr. Agrawal intends to seek judicial relief through appropriate motion(s). Moreover, assuming such an allegation is contained in the Indictment, it would in all likelihood require Mr. Agrawal to make additional discovery requests.

For the foregoing reasons, the reasons presented at the March 22, 2007 hearing, and the reasons set forth in Mr. Agrawal's other memoranda, Mr. Agrawal respectfully requests that the Court grant his motion to compel.

Dated:  March 24, 2007                             Respectfully submitted

                                                                                       _____/s/_____
                                                                                      Thomas C. Green (D.C. Bar #14998)
                                                                                      Mark D. Hopson (D.C. Bar #394338)
                                                                                      Juan P. Morillo (D.C. Bar #475196)
                                                                                      David J. Ludlow (D.C. Bar #489136)
                                                                                      SIDLEY AUSTIN LLP
                                                                                      1501 K Street, NW
                                                                                       Washington, DC 20005
                                                                                      202-736-8000