**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                          )<br>         v.                                           )   Criminal Case No 1:06-cr-00249-PLF<br>                                                          )<br>MICHAEL JOHN O'KEEFE, SR. and   )<br>SUNIL AGRAWAL,                         )<br>                                                          )<br>                    Defendants.           ) | |

**JOINT RESPONSE TO THE GOVERNMENT'S
<u>MOTION FOR A STATUS HEARING</u>**

Sunil Agrawal and Michael J. O'Keefe, through counsel, submit this response to the "Government's Motion for a Status Hearing" ("Gov't Motion").

*First*, defendants do not oppose convening a status hearing on June 19, 2007, and defendants recognize that the Court already has entered a minute order setting a status hearing for that date. At a minimum, the status hearing will allow the court a meaningful opportunity to discuss scheduling and to address the impact of any delay in discovery.

*Second*, defendants wish to note that the United States has <u>not</u> filed a motion for reconsideration of the Court's April 27, 2007 Memorandum Opinion and Order ("Order"). Although the request for a status conference is replete with criticism of the Court's Order—*see, e.g.*, Gov't Motion at nn.1, 3 (Court should "restrict the disclosure" of information; this "fishing expedition/exercise … is meaningless and a waste of everyone's time")—unless and until the United States files a motion for reconsideration or modification of the Court's Order, defendants will object to any argument attacking the April 27 Order. If the United States believes the Court's Order is wrong, it should file an appropriate motion for reconsideration. Defendants will respond in a timely fashion and in the unlikely event argument is required, we will address the

issues. We object, however, to the United States seeking consent for a status conference and using that to present surreptitious arguments that seek to undo existing rulings. Accordingly, we have not addressed, and will not address, those arguments.

*Third*, with respect to proposing a new pre-trial schedule, defendants have no objection to giving the government a reasonable amount of time to comply with the outstanding discovery Order. Once the United States has reasonably set a deadline for completing its production, defendants then will be in a position to agree to a new schedule for pre-trial and trial.

*Finally*, the United States continues to make and unsupported claims and arguments about abstract privacy interests, *see* Gov't Motion at 2, which are untethered to any specific statutory or regulatory privacy protection. As the United States is well aware, the fact that a document contains an individual's name does not mean that such a document is a "record" subject to protection under the Privacy Act. *See*, *e.g.*, *McCready* v. *Principi*, 297 F. Supp. 2d 178, 185 (D.D.C. 2003) ("Not every identifiable document about an individual that is in a government file is subject to the Privacy Act."). In fact, documents related to non-immigrant visa holders are not protected by the Privacy Act. *See* 5 U.S.C. § 552a(a)(2) ("the term "individual means a citizen of the United States or an alien lawfully admitted for *permanent* residence") (emphasis added).

Putting aside the merits of this issue, however, the United States' "Motion for a Status Hearing" conspicuously fails to mention that, in the interests of facilitating discovery, the defendants already have agreed in principle to a protective order that would restrict the use of such documents. The United States has not followed up to tender a proposed draft order covering the discovery mandated by the April 27 Order. Therefore, rather than re-arguing the April 27, 2007 Order, we would respectfully suggest that the status conference be used to

2

determine why the United States is filing motions seeking relief on an issue on which the parties already agree in principle.

Dated: May 24, 2007                                          Respectfully submitted

　　　　　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　Thomas C. Green (D.C. Bar #14998)
　　　　　　　　　　　　　　　　　　　　　　　　Mark D. Hopson (D.C. Bar #394338)
　　　　　　　　　　　　　　　　　　　　　　　　Juan P. Morillo (D.C. Bar #475196)
　　　　　　　　　　　　　　　　　　　　　　　　David J. Ludlow (D.C. Bar #489136)
　　　　　　　　　　　　　　　　　　　　　　　　SIDLEY AUSTIN LLP
　　　　　　　　　　　　　　　　　　　　　　　　1501 K Street, NW
　　　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　　　　　　202-736-8000

　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Sunil Agrawal*

　　　　　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　Bernard S. Grimm
　　　　　　　　　　　　　　　　　　　　　　　　LAW OFFICES OF BERNARD S. GRIMM
　　　　　　　　　　　　　　　　　　　　　　　　503 D Street, NW
　　　　　　　　　　　　　　　　　　　　　　　　Suite 250
　　　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20001
　　　　　　　　　　　　　　　　　　　　　　　　(202) 371-0300
　　　　　　　　　　　　　　　　　　　　　　　　(202) 986-5475 (fax)

　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Michael John O'Keefe*