IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MICHAEL JOHN O'KEEFE, SR. and<br>SUNIL AGRAWAL,<br><br>Defendants. | )<br>)<br>) Criminal Case No 1:06-cr-00249-PLF/JMF<br>)<br>)<br>) **MOTION REFERRED TO**<br>) **MAGISTRATE JUDGE FACCIOLA**<br>)<br>) **ORAL ARGUMENT REQUESTED** |

**REPLY
TO GOVERNMENT'S OPPOSITION TO DEFENDANTS'
JOINT MOTION FOR LEAVE TO TAKE FOREIGN DISCOVERY
AND FOR ISSUANCE OF A LETTER ROGATORY**

Defendants Sunil Agrawal and Michael John O'Keefe, through counsel, submit this reply to the Government's Opposition to Defendants' Joint Motion for Leave to Take Foreign Discovery and For Issuance of a Letter Rogatory ("Opposition").

Defendants respectfully request oral argument on their motion.

**I.    INTRODUCTION**

It is paradoxical that the government now opposes defendants' request to take the depositions of Canadian citizens employed by the U.S. Consulate in Toronto. If anything, the government's opposition must be viewed as a mechanical (not substantive) exercise because just over 4 months ago, following the March 22, 2007 motion to compel hearing, the government freely offered to provide the defense with access to Canadian citizen witnesses employed at the U.S. Consulate in Toronto. Until the government filed its Opposition, it never raised any objections to allowing the defense access to the Canadian witnesses.[1]

---

[1] What the government actually did was renege on its offer by letting the witnesses "decline" to be interviewed, and although the government asserts that it never "offered to set up interviews" with the Canadian citizens, *see* Gov't Opp. at 3 n.1, there is no question that counsel for both Mr. Agrawal and Mr. O'Keefe clearly understood from the statements of Ms. Johnson and Ms. Cheung—no matter the exact words spoken—that upon request, the government would be willing to arrange for defense counsel interviews with critical Canadian witnesses. The government now

Now, the government raises three main arguments why the defense should not be allowed to depose the Canadian citizen witnesses: (A) the government *intends* to call at least one of the named Canadian witnesses at trial; (B) the testimony of the Canadian witnesses in not material to the defense; and (C) defendants cannot show that the testimony of the witnesses exculpates defendants. For the reasons set forth below, each of the government's arguments fail.

## II.   ARGUMENT

### A.   The Government Cannot Compel the Canadian Citizens to Attend Trial

The government asserts that it currently "*intends* to call individuals who worked at the Toronto consulate with Defendant O'Keefe at the time of the charged conduct, including at least one of the named Canadian witnesses – Patricia Haye – at trial." Gov't Opp. at 5 (emphasis added).

*First*, the testimony of one witness at trial cannot substitute for the testimony of all the Canadian witnesses listed in defendant's motion, each of whom played different and various roles in administering the expedited visa appointment procedures and had different understandings regarding the so-called "*established* procedures for scheduling visa interview appointments"—a critical element of the Indictment. *See* Indictment, ¶ 9.B (emphasis added).

*Second*, while the defense agrees that an opportunity to cross-examine Ms. Haye at trial would absolve the need for defendants to take her deposition, the government's current "intention" is far from a bullet-proof guarantee that she will appear at trial. The government has no more ability to legally compel Ms. Haye to attend trial than do the defendants. Likewise, there is nothing to prevent the government from deciding not to call Ms. Haye as a witness

---

asserts that it simply offered to ask the potential witnesses whether they would be willing to be interviewed. Respectfully, defense counsel does not need the government's assistance to ask a potential witness whether he or she would submit to an interview. *See* 6/15/07 Ltr. from AUSA Johnson to T. Green [Docket No. 58, Ex. 7]. The true value of the government's offer as conveyed to the defense was that the government would actually facilitate the interviews through its employer-employee relationship. Indeed, Mr. Agrawal did as much. He asked his employees to submit to pre-trial interviews with the government Docent—regardless of a legal obligation to do so—in a show of good faith, and the government has already conducted 10 pre-trial interviews with STS Jewels employees.

several months from now when defendants will have little practical recourse to secure her testimony. Here, Ms. Haye has already "declined" an interview request from the defense, despite the government's apparent willingness and agreement to permit the defense to interview Ms. Haye. If the government cannot effectively ask that its employee participate in an interview concerning her on-the-job functions, there is little guarantee that such a witness will attend trial in a foreign jurisdiction.

In this type of situation, Federal Rule of Criminal Procedure 15 jurisprudence clearly recognizes that "[i]t would be unreasonable and undesirable to require the [party seeking a deposition] to assert with certainty that a witness will be unavailable for trial months ahead of time, simply to obtain authorization to take his deposition." *United States* v. *Korogodsky*, 4 F.Supp.2d 262, 266 (S.D.N.Y. 1998) (quoting *Drogoul*, 1 F.3d at 1553). Thus, unless the government will represent to this Court (under threat of mistrial) that the four Canadian witness who are the subject of defendants' motion will attend trial, defendants respectfully request that the Court allow the defendants to depose these witnesses "in order to preserve [their] testimony, leaving until trial the question of whether the deposition[s] will be admitted as evidence." *United States* v. *Njock Eyong*, 2007 WL 1576309 *1 (D.D.C. May 30, 2007).

    **B.**    **The Testimony of the Canadian Witnesses is Clearly Material**

The Court has already admonished the government that it cannot view materiality narrowly, "[n]or may it put itself in the shoes of defense counsel in attempting to predict the nature of what … may be material to its preparation." *U.S.* v. *O'Keefe*, 2007 WL 1239201, at *2 (D.D.C. April 27, 2007) (internal citations omitted). Indeed, here the question of materiality is practically moot in light of the Court's ruling on defendants' motion to compel, *see id*. at *3, and has been addressed in defendants' primary memorandum. Nevertheless, the government argues that deposing the Canadian witnesses is cumulative and a fishing expedition. *See* Gov't Opp. at 5-7.

*First*, the testimony of the witnesses is not cumulative. The Indictment charges defendants with conspiring to commit bribery by circumventing "*established* procedures for scheduling visa interview appointments." *See* Indictment, ¶ 9.B (emphasis added). The government has repeatedly admitted that these so-called established "procedures may not [have] be[en] formalized" or written down. *See U.S.* v. *O'Keefe*, 2007 WL 1239201, at *3 (April 27, 2007); 1/23/07 Ltr. from AUSA Johnson to T. Green [Docket No. 58, Ex. 7] ("Various internal policies and procedures are often established by the management of each respective consulate office…. [and] are not necessarily codified or written down in any format."). Thus, written discovery alone will not allow the defendants to answer the charges in the Indictment. There is a vital need for testimony from the only neutral witnesses with first-hand knowledge of the expedited appointment procedures. Moreover, the testimony of the four witnesses will not itself be cumulative. Each Canadian witness played a different role at the consulate, and importantly each likely had different understandings regarding aspects of the expedited appointment procedures. The witnesses' differing understandings regarding the "procedures" will undermine the Indictment's fundamental charge that defendants violated "established" procedures.

*Second*, the defendants are not conducting a fishing expedition. Although defendants' request for pre-trial interviews initially sought to determine whether the testimony of certain individuals would be needed at trial, the defense has since determined that the testimony of the four Canadian witnesses is required at trial to answer the charges against defendants.[2] These witnesses played a central role in handling expedited appointment requests at the consulate and are most familiar with the *de facto* consulate procedures regarding such

---

[2] In a similar vein, it should be noted that the defense initially asked to interview five individuals. The defense has not asked to depose Michael Niles, however, because it has not determined that his testimony would be material to the defense. Thus, contrary to the government's assertions, defense counsel has purposefully avoided using its request to take depositions as a method of conducting pretrial discovery. *See* Gov't Opp. at 6. Furthermore, the government's complaint that the letter rogatory "reads like a discovery interrogatory" is a red herring. Just because the lines of inquiry in a letter rogatory are written generally for purposes of the Canadian Court does not mean that defendants are engaging in a fishing expedition.

appointments. No where is this point more clearly highlighted than in the Opposition, where for the very first time the government admits that Althea Brathwaite and Jane Boyd also unilaterally granted expedited appointments. *See* Gov't Opp. at 2. Simply having defendants cross-examine the witnesses the government brings to trial (whom it obviously believes are most favorable to its case) would be fundamentally unjust to defendants. Defendants therefore request that, in the interests of justice, the testimony of each of the four Canadian witnesses be preserved for trial by permitting their deposition.

    **C.    Defendants Have Made a Showing Beyond Unsubstantiated Speculation That the Testimony of the Canadian Witness Will Exculpate Them**

The testimony of the Canadian witnesses, like the written discovery sought by defendants, is exculpatory because it clearly bolsters the defense. *See United States* v. *Safavian*, 233 F.R.D. 12, 16-18 (D.D.C. 2005) (exculpatory or favorable evidence includes any information "that relates to guilt or punishment and that tends to help the defense by either bolstering the defense case or impeaching prosecution witnesses"). The Court has already recognized the exculpatory purposes of such evidence the context of defendants' discovery requests. *See U.S.* v. *O'Keefe*, 2007 WL 1239201, at *1. The testimony of the Canadian witnesses serve the same exculpatory functions—namely, that the evidence will show that there was no official act as a matter of law and that defendants did not have the requisite criminal intent. *See id*. The Canadian witnesses' testimony must be preserved for trial because it fills in important evidentiary gaps in the written discovery regarding the non-formalized, *de facto* practices at the consulate. *See id*. at *3.

In addition, the testimony of the Canadian witnesses will exculpate the defendants because it will undermine the Indictment's charge that defendants circumvented established procedures. *See* Indictment, ¶ 9.B. In particular, the testimony of the Canadian witnesses will show that expedited appointments were granted in such an *ad hoc* and highly discretionary

5

matter that in reality "there was no established policy or procedure regarding expediting visa applications [to circumvent] or that it was the routine practice to violate or disregard the policy." *O'Keefe*, 2007 WL 1239201, at *1.

### III. CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant their Motion for Leave to Take Foreign Discovery and For Issuance of a Letter Rogatory.

Dated: August 8, 2007                           Respectfully submitted


_____/s/_____
Thomas C. Green (D.C. Bar #14998)
Mark D. Hopson (D.C. Bar #394338)
David J. Ludlow (D.C. Bar #489136)
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8000
(202) 736-8711 (fax)

*Counsel for Sunil Agrawal*


_____/s/_____
Bernard S. Grimm
AW OFFICES OF BERNARD S. GRIMM
503 D Street, NW
Suite 250
Washington, DC 20001
(202) 371-0300
(202) 986-5475 (fax)

*Counsel for Defendant Michael John O'Keefe*