**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> MICHAEL JOHN O'KEEFE, SR. and ) <br> SUNIL AGRAWAL, ) <br> ) <br> Defendants. ) | Criminal Case No 1:06-cr-00249-PLF/JMF |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
*(LETTERS ROGATORY)*

The United States District Court for the District of Columbia ("Court"), located at E. Barrett Prettyman U.S. Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001, United States of America, the Honorable Paul L. Friedman and John M. Facciola, United States District Court Judges, presiding, presents its compliments to the Ontario Superior Court of Justice, and finding it in the interests of justice, formally requests international judicial assistance of the Ontario Superior Court of Justice pursuant to the Canada Evidence Act and 28 U.S.C. § 1781(b)(2) regarding the above-styled criminal proceeding.

The United States Government, through the issuance of an Indictment by a grand jury, has charged Michael John O'Keefe, a U.S. citizen, and Sunil Agrawal, an Indian national with lawful permanent residence status in the United States, with three felony criminal counts: (1) conspiracy to commit bribery; (2) bribery; and (3) aiding and abetting bribery. Specifically, the U.S. government alleges that over the course of approximately two-and-a-half years, Mr. Agrawal agreed to provide, and did provide, Mr. O'Keefe with various "things of value" in exchange for Mr. O'Keefe's use of his official position at the U.S. Consulate in Toronto to

arrange expedited visa interview appointments for employees of Mr. Agrawal's company, STS Jewels, Inc.

In order to support their defenses in the U.S. proceeding, the Court has determined that defendants need to obtain the testimony of four Canadian citizens, Ms. Jane Boyd, Ms. Althea Brathwaite, Ms. Maribel Ebona, and Ms. Patricia Haye, all of whom were employed at the U.S. Consulate in Toronto during the relevant time period as assistants, secretaries, and/or foreign service nationals in the Non-Immigrant Visa Section of the consulate. In particular, these individuals have specific knowledge about the actual practices and procedures at the consulate regarding the scheduling and expediting of appointments for visa interviews, having participated in those processes. Moreover, the U.S. government has acknowledged that, at least in some instances, Canadian citizen employees themselves, including Ms. Haye, Ms. Boyd, and Ms. Brathwaite, granted requests for expedited visa interview appointments.

Accordingly, the Court requests the assistance of the Ontario Superior Court of Justice in compelling (1) testimony from the four above-mentioned Canadian citizens, all of whom are resident within the jurisdiction of Ontario Superior Court of Justice, and (2) production of documentary and/or physical evidence from these Canadian citizens, relating to the lines of inquiry identified in Schedule "A" hereto, for use at trial in the determination of the above captioned criminal proceeding before this Court. A trial on this matter is expected to be held in late 2007 or the first part of 2008 in Washington, D.C., United States of America.

The assistance of the Ontario Superior Court of Justice is needed in the interest of justice, in order for the defendants to make full answer and defense to the Indictment, because the evidence cannot be secured except by the intervention of the Ontario Superior Court of Justice.

The following chart sets forth the name, last known residential address, last known and business address of each Canadian citizen:

| Name | Last Known Residential Address | Last Known Business Address |
|---|---|---|
| Jane Boyd | 1121 Sandhurst Circle, Unit 30<br>Toronto, Ontario, M1V 1V4 | U.S. Consulate (Toronto)<br>360 University Ave., Toronto, Ontario, M5G 1S4 |
| Althea Brathwaite | 176 Bob O'Link Ave<br>Concord, Ontario, L4K 1H2 | U.S. Consulate (Toronto)<br>360 University Ave., Toronto, Ontario, M5G 1S4 |
| Maribel Ebona | 120 Raglan Ave, Apt. 407<br>Toronto, Ontario, M6C 2L4 | U.S. Consulate (Toronto)<br>360 University Ave., Toronto, Ontario, M5G 1S4 |
| Patricia Haye | 1 Beachpoint Blvd<br>Brampton, Ontario, L7A 2H3 | U.S. Consulate (Toronto)<br>360 University Ave., Toronto, Ontario, M5G 1S4 |

Kelly Friedman, Esq., parter at the firm of Ogilvy Renault LLP located at Royal Bank Plaza, South Tower, 200 Bay Street, Suite 3800, Toronto, Ontario, Canada, has been retained by Sidley Austin LLP, and is hereby authorized to make the application to the Ontario Superior Court of Justice on behalf of this Court for an Order enforcing these Letters Rogatory.

The courts of the United States are authorized by statute, Section 1782, Title 28 of the United States Code, to extend similar assistance to the tribunals of Canada.

Having regard to the foregoing, the undersigned, John M. Facciola, Magistrate Judge for the United States District Court for the District of Columbia, respectfully requests that the Ontario Superior Court of Justice order:

1. That Ms. Jane Boyd, Ms. Althea Brathwaite, Ms. Maribel Ebona, and Ms. Patricia Haye attend, at such time and place as you shall appoint, before such person who, according to the procedure of your Court is competent to preside over the examination of witnesses under oath, to be examined upon oath or affirmation by oral interrogatories or

otherwise in relation to matters relating to and touching on these proceedings including, but not limited to, the lines of inquiry identified in Schedule "A";

2. That the said Ms. Jane Boyd, Ms. Althea Brathwaite, Ms. Maribel Ebona, and Ms. Patricia Haye bring with them to the examination all documentation in their possession, power, or control touching on these proceedings including, but not limited to, the lines of inquiry identified in Schedule "A";

3. That the testimony of the said Ms. Jane Boyd, Ms. Althea Brathwaite, Ms. Maribel Ebona, and Ms. Patricia Haye be recorded by video and by a stenographer and be reduced to writing;

4. That there be authentication of the testimony of the said Ms. Jane Boyd, Ms. Althea Brathwaite, Ms. Maribel Ebona, and Ms. Patricia Haye by the seal of your Honorable Court or in such other way as is prescribed by the procedure of your Honorable Court;

5. That any document produced by Ms. Jane Boyd, Ms. Althea Brathwaite, Ms. Maribel Ebona, and Ms. Patricia Haye on examination be marked for identification and that there be authentication of any such document or copy of same or any extract therefrom by the seal of your Honorable Court or in such other way as is prescribed by the procedure of your Honorable Court; and

6. That the transcript and videoed testimony of each witness as well as any documents be transmitted to this Court in a sealed envelope, and sent to:

> **Clerk of the Court**
>
> **Re: No. 1:06-cr-00249-PLF/JMF**
>
> **U.S. District Court for the District of Columbia**
> **E. Barrett Prettyman U.S. Courthouse**
> **333 Constitution Avenue, N.W.**
> **Washington, D.C. 20001**

The undersigned, John M. Facciola, Magistrate Judge for the United States District Court for the District of Columbia, further respectfully requests:

7. That your Honorable Court cause to be sent to the Clerk of the Court at the above address a note of the charges and expenses payable in respect of the execution of the within request; and

8. That your Honorable Court make such further order pursuant to this request as to it appears fit.

Dated: _____, 2007        _____

                                                                                              JOHN M. FACCIOLA

                                                                                              United States Magistrate Judge

(SEAL OF COURT)

## SCHEDULE "A" TO LETTERS ROGATORY

## LINES OF INQUIRY FOR TESTIMONY AND DOCUMENTARY PRODUCTION

1. Processes by which expedited visa interview appointments requests were made and granted.

2. The witnesses knowledge or possession of policies and procedures for expediting visa interview appointments.

3. The frequency and volume of requests for expedited interview appointments.

4. The approximate percentages of requests for expedited visa interview appointments that were granted and denied by consular employees.

5. The reasons for granting or denying expedited visa interview appointments.

6. The level of scrutiny and investigation of requests for expedited visa interview appointments.

7. The witnesses' knowledge regarding informal and unwritten consulate policies and practices for expediting visa interview appointments.

8. The witnesses' authority and ability to grant expedited visa interview appointments without the approval of U.S. consular officers.

9. The role of the consulate's third-party visa appointment scheduling vendor, NuComm International, and its role in expediting visa interview appointments.

10. The witnesses' discussions with defendant O'Keefe or any other consulate officer generally or specifically regarding expedited visa interview appointments.

11. The changes that were made to the consulate's expedited visa appointment policies after the Indictment was issued against defendant O'Keefe.

2

12. The preferential treatment afforded to celebrities and well-known personalities seeking visa interview appointments.

13. The relationships between consulate employees and immigration attorneys seeking expediting appointments.

14. The witnesses' knowledge regarding expedited visa interview appointments granted to employees of STS Jewels, Inc.

15. The witnesses' knowledge or possession of written expedited interview appointment requests, and approvals thereof, which were granted by any Canadian citizen employee of the consulate.