**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 06-249 (PLF/JMF)** |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL JOHN O'KEEFE, Sr. and** | : | |
| **SUNIL AGRAWAL,** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANTS'**
**PROPOSED REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully responds to the proposed Request for International Judicial Assistance ("Letter Rogatory") submitted by Defendants Sunil Agrawal and Michael John O'Keefe, Sr., on September 14, 2007. The government believes that the Letter Rogatory, as currently filed, is impermissibly broad in scope.

After the filing of briefs and a hearing on the matter on September 12, 2007, the Court ruled in writing that the defendants had demonstrated exceptional circumstances justifying the preservation of the testimony of four foreign service nationals employed by the United States consulate in Toronto, Canada through depositions. See September 13, 2007, Memorandum Opinion and accompanying Order. The Court also ordered that the defendants submit a letter rogatory for the Court's signature.

At the September 12, 2007, hearing, the government offered to obviate the need for the taking of foreign depositions by making the witnesses available for interview in Washington,

D.C.[1]  Counsel for Defendant Agrawal rejected this request, stating that they wanted to take the depositions of the individuals.

In its Memorandum Opinion, the Court determined that the defendants' stated contention that "testimony from the secretaries and assistants will tend to show that O'Keefe's scheduling an expedited interview appointment was so common and ordinary an occurrence that it does not constitute an official act under 18 U.S.C. § 201(b)(1) or (2)" was arguably material to the defendants' case.  September 13, 2007, Memorandum Opinion at 3-4.  Secondly, the Court noted that the defendants' contention that the testimony of the four Canadians could show that "expedited appointments were so routinely and easily obtained in Toronto," and thereby negate the *quid pro quo* nature of the charged conduct.  See id. at 5 (citation omitted).

As recognized by the Court, the purpose of Rule 15(a) of the Federal Rules of Criminal Procedure is "to preserve testimony for trial, not to 'provide a method of pretrial discovery.'" Id. at 2 (citation omitted).  Indeed, the parties have been provided with a voluminous amount of discovery[2] pursuant to the April 27, 2007, Order of the Honorable Paul L. Friedman.  The discovery that has been provided and is in the process of being provided, consists of documents derived from searches of, among other things, individual visa applications and electronic e-mail files, from six consulates, including the Toronto consulate where the four Canadian witnesses work.

Yet, the defendants' proposed Letter Rogatory mandates the following:

---

[1]     If the defendants were amenable to this option, the government would also ensure that the same four witnesses would be available for the defense to call at trial.

[2]     Due to inadvertent omissions in its document production, the government is continuing to provide materials to the defendants pursuant to that Order.

> That the said Ms. Jane Boyd, Ms. Althea Brathwaite, Ms. Maribel Ebona, and Ms. Patricia Haye bring with them to the examination all documentation in their possession, power or control touching on these proceedings including, but not limited to, the lines of inquiry identified in Schedule "A" . . . .

Letter Rogatory at 4.

At the time the depositions take place, the defendants will have all of the documents produced from the Toronto consulate responsive to the April 27, 2007, Order. The defendants can use whatever documents they like during these depositions. There is no reason why the four Toronto witnesses should be required to separately provide any documents in this exercise to "preserve [their] testimony for trial." The defendant's proposed Letter Rogatory is an inappropriate means of obtaining documents that have already been the subject of extensive litigation.

Moreover, having witnesses attempt to bring "all documentation in their possession, power or control" illustrates the difficulty in obtaining documentation of expedited visa requests. When a request for an expedited interview comes in, a consulate employee may document whether the request is granted or denied in some way (e.g., a "blue slip" paper notice checking off the disposition of the request), but this documentation, when retained, is attached to the entire hard copy application file of the applicant once the applicant appears for his or her interview. The Department of State searched all on-site and off-site applications from the Toronto consulate for the period set forth in the April 27, 2007, Order,[3] and these documents have been provided to the defendants. Requiring these four witnesses to provide this type of information is

---

[3] From January, 2004 to January 2007, the Toronto, Canada consulate processed approximately 199,000 visa applications

impracticable and unnecessary.  More importantly, the defendants' request goes beyond the Court's September 13, 2007, Order.

In addition, the Schedule "A" Lines of Inquiry attached to the Letter Rogatory contain a number of proposed lines of inquiry that seem to go beyond the stated rationales for taking the depositions that the Court relied upon in making its ruling and/or are overly broad in scope. Specifically, the government refers to the following lines of inquiry.

At ¶ 10 of Schedule "A," the defendants list "[t]he witnesses' discussions with defendant O'Keefe or any other consulate officer generally or specifically regarding expedited visa appointments" as an appropriate line of inquiry.  Similarly, at ¶ 14 of Schedule "A," the defendants set forth the following line of inquiry:  "The witnesses' knowledge regarding expedited visa interview appointments granted to employees of STS Jewels, Inc." These lines of questioning are clearly a fishing expedition into the witnesses' knowledge about the actions of the defendants.

Moreover, at ¶ 11 of Schedule "A," the defendants include the following area of inquiry: "The changes that were made to the consulate's expedited visa appointment policies after the Indictment was issued against defendant O'Keefe."  The materiality and relevance of this line of question is similarly suspect.  Lastly, at ¶ 15 of Schedule "A," the defendants ask for information about "[t]he witnesses' knowledge or possession of written expedited interview appointment requests, and approvals thereof, which were granted by any Canadian citizen employee of the consulate."  As stated, this line of questioning is incredibly broad and goes beyond the defendants' purported rationale for the depositions.

WHEREFORE, because the defendants' Letter Rogatory goes beyond the scope of the Court's September 13, 2007, Order, the Letter Rogatory must be amended and re-submitted for Court approval.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498610

By:

_____/s/_____
DENISE CHEUNG
BRENDA J. JOHNSON
Assistant United States Attorneys
National Security Section
555 4th Street, N.W. – 11th Floor
Washington, D.C.  20530

September 20, 2007

5