

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
(202) 736 8000
(202) 736 8711 FAX

BEIJING    GENEVA       SAN FRANCISCO
BRUSSELS   HONG KONG    SHANGHAI
CHICAGO    LONDON       SINGAPORE
DALLAS     LOS ANGELES  TOKYO
FRANKFURT  NEW YORK     WASHINGTON, DC

dludlow@sidley.com
(202) 736-8266

FOUNDED 1866

August 23, 2007

**By Fax and Email**

Brenda J. Johnson
Denise Cheung
Assistant United States Attorneys
555 Fourth Street, N.W.
Room 11-441
Washington, D.C. 20530

     Re:    United States v. O'Keefe and Agrawal, No. 1:06-cr-00249-PLF

Dear Brenda:

     I am writing to you regarding the discovery provided by the Toronto consulate. Specifically, on July 20, 2007, the government provided us with a CD containing electronically imaged documents bearing Bates numbers TOR_0000001 through TOR_0012474. Contained within that production we located a 1-page document from the United States Consulate General Toronto describing the efforts made by the consulate to comply with the Court's April 27 Order. *See* TOR_0000213. Although our review of the documents produced by the Toronto consulate is ongoing, there are several potential issues regarding the completeness of the government's production that we raise with you now in order to avoid further delay in the trial court proceedings.

    1.    **Searches of Hard Copy Files**. The Toronto Letter repeatedly emphasizes that it searched "all hard copy documents *maintained at post*." (In fact, the letter strategically uses the language *"at post"* five times in the 1-page letter.) Nevertheless, the Court's order is not limited to searching documents *maintained at post*. It requires the government to search in good faith at any location in which there is a reasonable probability that responsive documents exist. The prosecution clearly agreed to this, *see* 5/7/07 Ltr. from AUSA Johnson to U.S. Consular Chiefs (jointly drafted and agreed to by defendants), at 2 ("Each consulate must search both hard copy and electronic files (whether on-site or off-site)"), and never noted the Toronto consulates arbitrary search limitation in its June 20 production letter.

     Moreover, in this case, there is not just a reasonable probability that responsive documents exist off-site—there is absolute certainty. Indeed, the Toronto Letter admits that responsive documents exist at the Kentucky Consular Center and/or the National Archives and Records Administration

**SIDLEY**

Brenda Johnson
August 23, 2007
Page 2

and that these repositories would include, for example, "all documents related to an expedited appointment request" from 2004 through December 2005.

In terms of the time period defined by the Indictment and the Court's order (*i.e.*, January 1, 2004 forward), it is clear that many relevant documents are in storage. The government cannot simply search documents *at post* when those documents only date back to January 2006. We therefore request that the government search and produce the responsive off-site documents to the defense as soon as possible and confirm that undertaking by letter.

2. **Jane Boyd's Special INT Folder**. The documents produced by the government indicate that Jane Boyd kept a "Special INT Folder" related to expedited visa interview appointments. Counsel for the defense is unable to determine whether documents from this folder have been produced. Please identify by Bates number the documents produced from this folder and/or produce responsive documents from the Special INT Folder to the extent they have not been produced to the defense.

3. **Searches of Electronic Documents**. The Toronto Letter states that the consulate provided a "copy of all emails discovered through a search of the electronic data available *in the system*" and that "[t]he email search included all items in existence on the server at th[e] time of the search." Please confirm that in addition to searching the Exchange server, the government also **(a)** searched users' personal folders (.PST files), whether located on a server or the users' hard drives, for responsive emails; **(b)** searched e-documents (Word, Excel, PowerPoint, .msg, etc.) located on relevant users hard drives or shared drives for responsive documents; and **(c)** searched and produced all "sent" and "received" emails and attachments from the TorontoEmpNIV@state.gov and TRTNIV@state.gov email profiles and any related .pst files, as well as any other email profiles or .pst files ever used for expedited appointments.[1] If the government has merely searched the Exchange server Inboxes of certain individuals, it has not conducted a thorough search.

In addition to responding to the above questions, please provide a complete list of the "individuals searched," a summary of data types

---

[1] As a reminder, the Court's order requires the government to search the "electronic files of all locally engaged staff or employees, including secretaries, foreign service nationals, and non-U.S. citizens, who approve(d) or schedule(d) expedited NIV visa interview appointments or otherwise play(ed) a role in that process." *See* 5/7/07 Ltr. from AUSA Johnson to U.S. Consular Chiefs, at 2. *See United States v. Safavian*, 233 F.R.D. 12, 21 (D.D.C. 2005).

SIDLEY

Brenda Johnson
August 23, 2007
Page 3

searched for each individual (*i.e.,* Exchange server Inboxes, personal folder emails (.pst files), shared drive data, hard drive data, removable media, etc.), and the Bates range for the production of each individual's responsive documents. The haphazard manner in which the government produced the documents has made it impossible for the defense to determine this information.

I look forward to your response, and will follow up this letter with additional inquiries as necessary.

Sincerely,

David J. Ludlow

cc: Sunil Agrawal
Bernard S. Grimm

DC1 1018172v.1