**U.S. Department of Justice**

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

September 10, 2007

BY U.S. MAIL AND FACSIMILE

Bernard S. Grimm, Esquire
503 D Street, N.W.
Suite 250
Washington, D.C. 20001

Thomas C. Green, Esquire
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005

Re: United States v. Michael John O'Keefe, Sr. and Sunil Agrawal,
Criminal No. 06-249 (PLF)

Dear Mr. Grimm and Mr. Green:

This correspondence is in response to a letter from Mr. Ludlow dated August 23, 2007, regarding the discovery provided by the government pursuant the Court's April 27, 2007, memorandum opinion and order and subject to the July 3, 2007, protective order.

Specifically, Mr. Ludlow inquired about the following three issues pertaining to the discovery provided from the Toronto consulate, and the government has followed up on these requests with the Department of State and the Toronto consulate.

1. Search of Hard Copy Files - As stated in the government's August 1, 2007, letter, the government produced Toronto documents from searches of both the Toronto post and off-site storage facilities.

2. Jane Boyd's Special INT Folder - All documents relating to expedited appointments at the Toronto consulate have been provided to you. Ms. Boyd scheduled appointments for special cases, such as individuals from diplomatic missions and entertainment and sports industries. At the time of the discovery request, Ms. Boyd no longer maintained a "Special Int. Folder" because she had ceased scheduling appointments for entertainment and sports industry personalities in December 2006. Prior to that time, Ms. Boyd prospectively would place expedited interview information regarding her special cases in a folder until the applicant came in for his or her appointment. At the time of the interview, Ms. Boyd attached the requests and blue sheet approval slips from her "Special Int. Folder" to the actual applications, thereby transferring any items contained in her folder to the applicant's file. For applicants from diplomatic missions, the

Toronto consulate ceased attaching the requests/approval slips to the applications, so Ms. Boyd would shred them when the applicant came in for his or her appointment.

3. Searches of Electronic Documents - A search of personal folders including any emails and/or electronic files related to expedited appointments has been provided as part of the electronic production of Toronto documents. Toronto searched users' personal folders, electronic files, and all e-mails from TorontoEmpNIV@state.gov and TRTNIV@state.gov email profiles, and produced all responsive documents from these searches.

Finally, on August 1, 2007, the government informed you that there was a possibility that we would be providing you with additional materials related to an electronic data dump from Minacs Worldwide, Inc., which was the outsource call center for scheduling non-immigrant visa appointments in Canada prior to NuComm International. The government's forensic review has confirmed, as Minacs represented, that the data did not contain any information regarding requests for expedited appointments.

Sincerely,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:  *Brenda J. Johnson*

Brenda J. Johnson
Denise Cheung
Assistant United States Attorneys
National Security Section