ATTACHMENT B

## DECLARATION

I, Peggy L. Petrovich, United States Consul, do hereby state as follows:

1. I am now, and have been since January 3, 2007, the Visa Unit Chief at the United States Consulate General in Toronto, Canada. I am a Foreign Service Officer employed by the United States Department of State. In my capacity as Visa Unit Chief, I was responsible at the United States Consulate General in Toronto for coordinating and overseeing the search for and the provision of materials responsive to the April 27, 2007, Memorandum Opinion and Order of the Honorable Paul L. Friedman, United States District Judge for the District of Columbia (hereinafter "Order of the Court"). I make the following statements based upon my personal knowledge and information made available to me in the performance of my official duties.

2. Toronto conducted a search from May 7 through May 31, 2007 of both electronic and paper record files for all materials responsive to the Order of the Court. A team of five Consular staff conducted a physical search of the following paper record files: 1) archived hard copies of all Standard Operating Procedures ("SOPs") to locate Expedited Appointment SOPs dating back to January 2004 that no longer existed in the electronic database; 2) archived paper correspondence files to locate expedited appointment requests received via facsimile, correspondence, or electronic mail (email), and the corresponding responses attached to those requests; and 3) hard copy general and chronological files for any other stand-alone documents responsive to the Order of the Court. Electronic searches for SOPs, emails, or other stand-alone documents relating to expedited appointments were conducted by staff of the U.S. Consulate General in Toronto, in part by Consular staff, and in part by the Information Management staff who have authorized access to all electronic data maintained at post. The Toronto Consulate General staff, including Consular staff and Information Management staff, spent over 160 work hours searching for and preparing copies of materials to be transmitted in response to the Order of the Court.

3. The electronic and paper record files search for SOPs yielded archived expedited appointment SOPs covering the period between 2003 through May 2007. Toronto provided hard copies of all such responsive documents, having printed out those located in the electronic database, because some prior SOPs were only available in hard copy format, e.g., the 2003 SOP for handling expedited appointments, so it seemed more logical to provide all such materials in the same format. The documents printed from the electronic files contain document footers that identify where in the electronic database a document is stored so that it can be located easily. Toronto notes that the Order of the Court did not specify the means of production for materials located in electronic databases.

4. The search of the paper correspondence files, the usual and customary storage location for expedited appointment requests, maintained in three separate five-drawer filing cabinets, yielded four drawers with records of expedited appointment

- 1 -

requests dating from January 2006 to May 31, 2007. Toronto produced photocopies of all such records in existence at post, including a hard copy of the request, written discussion, decision, and responses. Work spaces for me (i.e., the Visa Unit Chief), Pat Haye, Jane Boyd, and Althea Brathwaite were also searched.

5. Prior to January 2006, materials relating to expedited appointment requests were attached directly to the non-immigrant visa applications. Per Department of State procedures, Toronto forwards the hard copies of all non-immigrant visa applications to the Kentucky Consular Center ("KCC") after one year for cataloging. KCC forwards these applications to the National Archives and Records Administration for storage until they are scheduled for destruction in accordance with all applicable laws. At the time of the search, i.e., May 2007, Toronto only retained at post the hard copies of non-immigrant visa applications received from May 2006 to May 2007. Accordingly, Toronto had no non-immigrant visa applications at post from prior to January 2006, and consequently had no applications at post for the period January 2004 through December 2005 which might have had attachments relating to expedited appointment requests, so these materials could not be produced at post.

6. Toronto's search of electronic data on our active servers and available back-up tapes, which are retained for two weeks, yielded responsive emails, the SOPs previously mentioned, and the NIV (Non-Immigrant Visa) Schedule Calendar located on Toronto's shared public drive. The parameters of the electronic search included all email and stand-alone electronic documents, e.g., documents prepared on our office software applications, regarding expedited appointments located on shared drives, personal drives and hard drives for all consular officers and locally-engaged staff, i.e., secretaries and other employees, who approved or scheduled expedited non-immigrant visa interviews, or who played any role in the process. Specifically, Toronto searched for materials maintained in the files or folders of the following individuals, some of whom had already departed post, as well as the specified shared mailboxes: Althea Brathwaite, April Scarrow, Donald Steele, Jane Boyd, Janice Thompson, Jeff Tunis, John Nay, John Whiteley, Laura Scheibe, Maria Erlindson, Maribel Ebona, Michael Niles, Michael O'Keefe, Michael Schimmel, Pat Haye, Peggy Petrovich, Robbie Thomas, Rose Castro, Stephanie Arnold, "Gold, Toronto," "Toronto NIV," and "Toronto, Employment NIV Mailbox." Toronto also searched for files or folders for the following former staff, but none were found: Lindsay Henderson, James Jewett, Susan Lively, Penny Rogers, and Sarah Sexton.

7. For the email and stand-alone electronic document searches, we used the following search term parameters: "early or expedite* or appointment or early & interview or expedite* & interview." The Information Management staff conducted the search of personal and hard drives because they have access to all drives from the network server, not just shared drives. The Information Management staff provided me with the results of the search. In order to ensure that unresponsive emails were not included in the discovery production, I quickly reviewed all emails and removed only those clearly about wholly unrelated matters, e.g., emails about staff members' early departures or dentist appointments. Additionally, I made sure that all emails residing in

- 2 -

the shared email address folders that related to expedited appointments were included in the results. All responsive emails located during the search were produced in electronic format and provided on cd-rom.

8. According to the Information Management staff, any emails deleted prior to the search that were not available to be produced at the time of the Order of the Court are not retrievable, and Toronto has no way of discovering them. In addition, all of Toronto's electronic data, including emails and stand-alone electronic documents, are kept on the server at post with back-up tapes that only go back for two weeks. After two weeks, the tapes are reused, and any deleted items would be destroyed. No other back-up server for electronic documents, either on- or off-site, exists.

9. All currently existing responsive emails located during the search of Michael O'Keefe's personal drive were included in the cd-rom. Because the hard drives from the computers Mr. O'Keefe regularly used at the Consulate General in Toronto were seized prior to the issuance of the Order of the Court, Toronto no longer has possession of them. Consequently, we were unable to include in our discovery production any of the emails on those drives.

10. The only other responsive materials discovered during the electronic search for stand-alone electronic documents were the SOPs, which were produced as described in Paragraph 3 above, and the NIV Schedule Calendar which was provided in hard copy format. [Note: the NIV Schedule Calendar was provided in a previous discovery request, however, it was provided a second time to be responsive to the Order of the Court.] No responsive documents were located during a search of the hard drives of Mike Schimmel, the previous visa unit chief; Peggy Petrovich, the current visa unit chief; Pat Haye, the visa assistant who has main responsibility for processing expedited appointment requests; and, Jane Boyd, the visa assistant who has main responsibility for scheduling appointments for diplomatic and official applicants. In addition, no further responsive stand-alone documents were found in any shared drives.

- 4 -

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*Peggy L. Petrovich*

Peggy L. Petrovich
Consul
United States Department of State
United States Consulate General Toronto
360 University Avenue
Toronto, Ontario  M5G 1S4
CANADA

Sworn to and subscribed before me this
___ day of October, 2007

_____
Notary Public

My commission expires: **INDEFINITE**

**STEPHANIE C. ARNOLD**
VICE CONSUL OF THE
UNITED STATES OF AMERICA

CANADA
PROVINCE OF ONTARIO
CITY OF TORONTO
CONSULATE GENERAL OF THE
UNITED STATES OF AMERICA

- 4 -