

**U.S. Department of Justice**

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

April 4, 2007

BY MAIL AND FACSIMILE (202) 736-8711

Thomas C. Green, Esquire
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005

        Re: United States v. Sunil Agrawal, Criminal No. 06-249-02 (PLF)

Dear Mr. Green:

        This letter is in response to your letter of March 29, 2007, in which you request additional clarification on the indictment and the evidence the government intends to introduce in this case.

        As a preliminary matter, neither Defendant Agrawal nor Defendant O'Keefe are charged with committing visa fraud, in violation of 18 U.S.C. § 1546. Since the time of the indictment, this is, and always has been, a conspiracy and bribery case. As set forth clearly in the indictment, and supplemented by additional disclosures provided by the government, including information in its March 26, 2007, letter, Defendants O'Keefe and Agrawal engaged in a pattern of conduct, whereby Defendant O'Keefe would ensure, or attempt to ensure, that Defendant Agrawal's employees and their families received expedited visa appointments and visa issuances in exchange for travel, gifts, and gratuities.

        Your request for "particularization of the charges and allegations" in the indictment is broken down into four categories: 1) lawful duties of Defendant O'Keefe; 2) official acts of Defendant O'Keefe; 3) items of value provided to Defendant O'Keefe; and 4) overt acts not set forth in the indictment. In your correspondence, you also allude to the need to move the Court for a bill of particulars in light of the government's failure to "identify" information pursuant to the above categories.[1]

---

[1] But see United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987) (Bill of particulars is not required if indictment is sufficiently specific or if requested information is

Defendants Agrawal and O'Keefe are currently charged pursuant to a three-count "speaking indictment," which outlines the allegations in great detail. In addition, the government has provided the defendants with extensive discovery, including, but not limited to, notice of expert testimony, information about non-immigrant visa policies and procedures relating to the Toronto consulate, duties of a consular officer, and faxed and written communications regarding requests for expedited treatment for STS Jewels, Inc.-sponsored individuals.

The indictment and information previously provided to the defendants in this case are sufficiently specific and detailed enough to allow the defendants to understand the charges against them, to prepare their defense, and to perhaps avoid being retried on the same charges, and the government is not required to provide the requested enumeration of charges and allegations set forth in Defendant Agrawal's March 29, 2007 correspondence.

Sincerely,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:  Brenda J. Johnson
Denise Cheung
Assistant United States Attorneys
National Security Section

cc: Bernard S. Grimm, Esquire.

---

available in some other form).

-2-