

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
(202) 736 8000
(202) 736 8711 FAX

tcgreen@sidley.com
(202) 736-8069

BEIJING   GENEVA   SAN FRANCISCO
BRUSSELS  HONG KONG SHANGHAI
CHICAGO   LONDON   SINGAPORE
DALLAS    LOS ANGELES TOKYO
FRANKFURT NEW YORK  WASHINGTON, DC

FOUNDED 1866

March 29, 2007

**By Fax**

Brenda J. Johnson
Assistant United States Attorney
555 Fourth Street, N.W.
Room 11-441
Washington, D.C. 20530

Re:   United States v. O'Keefe and Agrawal, No. 1:06-cr-00249-PLF

Dear Brenda:

On behalf of my client, Sunil Agrawal, I am writing regarding your letter of March 26, 2007. Specifically, your letter and the representations made by the government at the hearing on March 22, 2007 and in a subsequent telephone call on March 23, 2007 indicate that the government intends to argue that the objects of the alleged conspiracy between the defendants include not only avoidance of "established procedures for scheduling visa interview appointments [to] obtain expedited visa interview appointments and expedited issuance of visas," Indictment Count 1, ¶ 9B (emphasis added), but also the *improper* issuance of visas by defendant O'Keefe—*i.e.*, some type of visa fraud.

As you are well aware, visa fraud is a specific statutory offense not charged in the Indictment and not alleged in the conspiracy count. *See* 18 U.S.C. § 1546. There is no question that reading such a charge into the Indictment does not meet the 5th and 6th Amendments' fair notice requirements. *See United States v. Hsia*, 24 F. Supp. 2d 33, 55 (D.D.C. 1998). As a result, the government's recent letter only serves to confirm that the Indictment's vague and general allegations concerning key aspects of this case are insufficient to permit Mr. Agrawal to adequately prepare for trial.

Therefore, we hereby request particularization of the charges and allegations in the Indictment to allow Mr. Agrawal to prepare his defense without unfair surprise. We present these requests in an effort to reach an agreement with the government short of judicial intervention.[1]

---

[1] Nothing in this letter or in any government response to the requests herein shall constitute a waiver of any claim by Defendant Agrawal that the indictment, or portions thereof, is deficient as a matter of law.

**SIDLEY**
SIDLEY AUSTIN LLP

Brenda Johnson
March 29, 2007
Page 2

Our specific requests regarding the allegations in the Indictment are set forth below:

**A. Specification of Lawful Duties Allegedly Violated by Mr. O'Keefe**

1. Identify (by citation or other identifying information) each "lawful duty" or "established procedure" that Mr. O'Keefe violated, and each specific instance thereof, as alleged in the Indictment. *See* Indictment, Count 1, ¶¶ 2-5, 8, 9-10.

2. Identify any other "lawful duty" or "established procedure" violated by Mr. O'Keefe on behalf of Mr. Agrawal, and each specific instance thereof, that is not alleged in the Indictment but which the government intends to prove at trial.

**B. Specification of Official Acts Allegedly Performed by Mr. O'Keefe**

1. Identify each of the "official acts" allegedly performed by Mr. O'Keefe on behalf of Mr. Agrawal, as alleged but not specifically enumerated in Count 1 of the Indictment. *See id.*, Count 1, ¶ 8 ("The Conspiracy").

2. Identify any other official act performed by Mr. O'Keefe on behalf of Mr. Agrawal that is not alleged in the Indictment but which the government intends to prove at trial.

**C. Specification of Items of Value Allegedly Provided to Mr. O'Keefe**

1. Identify each of the "other personal benefits" that Mr. O'Keefe received as alleged in Count 1 of the Indictment. *See id.* ¶ 8.

2. Identify any other "thing of value" that Mr. Agrawal provided to Mr. O'Keefe that is not alleged in the Indictment but which the government intends to prove at trial.

**D. Specification of Overt Acts**

1. Identify any overt act not alleged in the Indictment, including the nature of the act, the defendant who engaged in the act, the date the act occurred, and how the act furthered the alleged conspiracy.



Brenda Johnson
March 29, 2007
Page 3

      Please advise us by April 6, 2007 whether the government will provide the requested information, so we can determine whether it will be necessary to move the Court for a bill of particulars. We look forward to your prompt response.

Sincerely,

Thomas C. Green

cc:    Sunil Agrawal
       Bernie S. Grimm

DC1 930555v.1