██████████████████████████



**U.S. Department of Justice**

██████████

*City Center Building*
*1401 H Street, NW*
*Washington, DC 20530*

██████████

Custodian of Records

██████████████████████████
██████████████████████████
██████████████████████████

Re: ██████████████████████████

Dear Sir/Madam:

Attached please find a grand jury subpoena directed to your company. The subpoena requires the return of all responsive documents in the possession, custody or control of your company to the grand jury in Washington, District of Columbia, on ██████████████ On that date, your company's custodian of records should be prepared to testify as to the identity of the documents produced, the identity of the persons who conducted the search, and the identity and locations of the files from where the documents were retrieved. In the alternative, the documents may be submitted to the ██████████████████████████ Please submit document via courier or overnight services only.

If you choose the latter option, the documents must be accompanied by an affidavit sworn to by the officer responsible for compliance as to document production. A form affidavit is attached. Please be advised, however, that opting to deliver the documents to the Division does not prevent the grand jury from requiring your custodian of records to testify at a later date. In either event, please inform ██████ ██████ as to which method of production will be used by your company.

THE RECORDS MAY NOT BE MAILED TO THE "GRAND JURY" OR TO THE COURTHOUSE, AS THERE ARE NO PROVISIONS TO RECEIVE THEM THERE.

*Preservation and Production of Electronically Stored Documents*

At your earliest convenience, I would like to schedule a telephone conference with you and the appropriate information technology ("IT") representative(s) from your company to discuss issues related to the preservation and production of electronically

stored documents.

In our conference, I request that you and appropriate company IT personnel be prepared to discuss several topics relating to the company's computer systems. Please be prepared to discuss the following topics for <u>the entire subpoena period</u>:

1. Company's Computer Hardware and Systems

    - types of computers (*e.g.*, mainframe, work stations, laptops);
    - types and versions of all <u>operating systems</u> (*e.g.*, Windows, Linux, UNIX), including dates of major changes or upgrades;
    - number/types of <u>servers</u> (*e.g.*, Exchange servers) and the locations of servers (*e.g.*, physical locations and addresses);
    - employees' use of <u>laptops</u> to conduct business and how the laptops are connected to the network servers (*e.g.*, remote access programs, synchronization procedures);
    - employees' use of <u>home computers</u> to conduct business and how those computers are connected to the company's network (*e.g.*, remote access, Web access);
    - employees' use of <u>handheld devices</u> (*e.g.*, BlackBerrys, Treo smartphones, Palm Pilots) to conduct business; and
    - all data storage locations <u>outside</u> of the United States containing data created by the company in the United States.

2. Company's Application Software Programs (identify brand/version of each software program)

    - <u>email</u> programs used by the company (*e.g.*, Microsoft Outlook); when the current email system was implemented; whether any other email systems were in use during the subpoena period; the company's policy on employee email storage (*e.g.*, on a network server or their local drives); whether employees can access their emails remotely from outside the office; whether employees' email folders are automatically archived on the network server; whether any "janitorial" programs are run to periodically purge old emails; whether any other policy limits are enforced on employees' email accounts; and which company personnel are responsible for administering the company's email system;
    - <u>electronic calendaring</u> software programs;
    - <u>word processing</u> and <u>spreadsheet</u> software programs;
    - <u>voicemail</u> programs and the period for which the voicemail messages are retained by the company;
    - internal company <u>Instant Messaging</u> ("IM") programs and the

2

   period for which IM text messages are retained by the company;
   - <u>financial and accounting</u> programs;
   - <u>document management</u> programs; and
   - any <u>customized</u> software programs that create or maintain any data responsive to the subpoena.

3. Company's Backup Procedures

   - the <u>types of backups</u> that the company performs (e.g., full backups, incremental backups);
   - the <u>types of data</u> backed up by the company (e.g., emails, word processing documents);
   - the company's <u>backup schedule</u> (e.g., each business day, weekly and monthly);
   - when the backup media, such as tapes, are <u>recycled</u> for reuse (and thus overwritten);
   - what backup media containing potentially responsive data were <u>in existence</u> at the time the subpoena was issued to the company;
   - whether the backup media are individually <u>labeled</u> by <u>type of data</u> stored on the tape or by <u>employees</u> whose data is stored on the tape;
   - whether backup media are <u>indexed</u> and/or <u>logged</u> by backup software;
   - the type of <u>media</u> on which the backup data is stored;
   - whether the company has <u>restored</u> backup tapes within the last two years, for any purpose, including for <u>other litigation</u> or to <u>retrieve data</u> inadvertently deleted from the company's computer systems;
   - the company's use of a remote, on-line <u>backup service</u> to maintain and store the tapes;
   - the <u>location</u> of any and all backup media, whether on- or off-site; and
   - the maintenance and location of <u>disaster recovery tapes</u>.

4. Company's Archival Data

   - what <u>types of data</u> the company archives;
   - how archived media are <u>labeled, indexed and/or logged</u>;
   - the type of <u>media</u> on which the archived data is stored;
   - whether the company has <u>restored</u> archived tapes within the last two years, for any purpose; and
   - the <u>location</u> of the archived media.

3

5.  Company's Databases

    – databases used by the company to manage data relating to the subject of this investigation, including any databases containing the identity of customers or historical sales or pricing data.

6.  Company's Policy on Computer Security

    – company policy and protocol on computer security, including encryption of employees' files and the use of passwords to limit access rights to approved users (particularly for emails).

Second, I request that you outline the steps taken by the company to preserve all electronic data potentially responsive to the grand jury subpoena issued to it. The company should be prepared to explain what steps it took immediately following the service of the subpoena to:

- discontinue all data destruction on the company's computer systems, including suspending all programs that automatically delete data on those systems;
- suspend all backup media recycling at all relevant locations until copies of all media containing potentially responsive data have been made and verified; and
- notify all employees who are in possession of potentially responsive data not to delete, alter or destroy any data in their possession that is potentially responsive to the subpoena. I will ask the company to identify what group of employees were so instructed to preserve such data.

I will then seek to determine: (1) whether the company preserved all categories of data (e.g., emails, electronic calendars, word processing documents) as required in the preservation instruction of the subpoena; (2) for which employees the company preserved those categories of data; and (3) whether the company preserved those categories of data from each location within the company's computer systems (e.g., servers) as required in the preservation instruction of the subpoena. For instance, I will want to examine, in some detail, from which locations within the company's computer systems (e.g., servers, local drives, backup media) the company preserved emails for the relevant employees.

Third, the company must produce responsive electronic data in an electronic format. Thus, I will want to discuss with you formatting and technical specifications issues before the company begins to format its submission of responsive electronic data. A sample or test submission of electronic data may be

4

required in order to ensure that the submission of responsive electronic data is acceptable.

Fourth, to facilitate our discussions about these electronic production issues, I request that prior to the IT call the company produce documents responsive to the subpoena which describe the company's computer systems. I also request organizational charts (Par. V.1.(g)) and documents setting forth the company's document retention policy (Par. V.32.).

### Business Records Certification

At some point in the future, it may be necessary to offer some or all of the documents as evidence in a trial. In the past, unless both parties stipulated to the admissibility of business records, it was necessary for a witness from the business to appear at trial and testify that the records were authentic, within the meaning of Rule 902 of the Federal Rules of Evidence, and that they were business records, within the meaning of Rule 803(6) of the Federal Rules of Evidence.

Effective December 1, 2000, Federal Rules of Evidence 803(6) and 902 were amended to permit the foundation requirements of Rule 803(6) and the authenticity requirements of Rule 902 to be satisfied under certain circumstances without the expense and inconvenience of producing witnesses. I have attached a Business Record Certification form for a qualified representative of your business to sign. Please review the Certification to determine whether it is an accurate statement with regard to the referenced business records. If the Certification is accurate, please sign and return the original Certification along with the subpoenaed records to the grand jury at the time your document custodian testifies or with the documents delivered to the [redacted] guarantee that you or another appropriate custodian of records will not have to appear at trial to authenticate the records and lay the proper business record foundation, but generally speaking, the United States will make every effort to use the Business Record Certification form, if completed, instead of the testimony of a records custodian to authentic the records for admissibility purposes.

### Documents in Control of Company

This subpoena requires production of all responsive documents in your company's possession, custody or control, wherever the documents are located. Paragraph II.L. of the schedule attached to the subpoena defines "your company" broadly to include, among other corporate relationships, all of your company's parents, affiliates, and joint ventures. With respect to any of your company's responsive documents located outside of the United States on the date of service of the subpoena, at this time we do not seek to enforce the subpoena to compel the

production of such documents unless and until we first notify you in writing. However, in order to expedite the conclusion of this investigation, ▓ requests your cooperation in producing any such documents on a voluntary basis by the date specified in the subpoena. In any event, you should take immediate steps to prevent the destruction of any responsive documents located outside of the United States. Preservation of foreign-located documents may be beneficial to your company in the resolution of this investigation; conversely, destruction of responsive documents, wherever located, may have serious adverse consequences for your company.

Should you have any questions regarding this letter, or should you or your counsel wish to discuss compliance with the subpoena, please do not hesitate to call.



Enclosures

AO 283 (Rev. 8/91) Subpoena to Testify before Grand Jury

# United States District Court

FOR THE **DISTRICT OF** COLUMBIA

## SUBPOENA TO TESTIFY BEFORE GRAND JURY

SUBPOENA FOR:
[ ] PERSON   [x] DOCUMENT(S) OR OBJECT(S)

IN RE: POSSIBLE VIOLATION OF:

YOU ARE HEREBY COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

| PLACE | COURTROOM | 3rd Floor |
|---|---|---|
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA United States Courthouse Third & Constitution, N.W. Washington, D.C. 20530 | | GRAND JURY ROOMS |
| | DATE AND TIME | |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*

See Attached

COMPLIANCE MAY BE MADE BY MAILING THE REQUESTED DOCUMENTS VIA CERTIFIED MAIL TO THE UNDERSIGNED ASSISTANT U.S. ATTORNEY AT THE ADDRESS BELOW.

☐ Please see additional information on reverse.

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

U.S. MAGISTRATE JUDGE OR CLERK OF COURT
NANCY MAYER-WHITTINGTON

(By) Deputy Clerk

DATE

This subpoena is issued on application of the United States of America

NAME, ADDRESS AND PHONE NUMBER OF ASSISTANT U.S. ATTORNEY

*U.S. GPO:1993-0-350-792/50396

* If not applicable, enter "none".

## SUBPOENA ATTACHMENT

### SCHEDULE OF DOCUMENTS DEMANDED

I. <u>Warning Concerning Document Destruction</u>

Any person who withholds, alters, deletes, or destroys documents demanded by this subpoena, including documents stored only in electronic form or accessible only through computer or other information retrieval systems, or removes such documents to outside the jurisdiction of the United States, may be subject to criminal prosecution for obstruction of justice, contempt of court or other federal criminal violations. Conviction of any of these offenses is punishable by substantial fine or imprisonment, or both. Instructions relating to the documents demanded by this subpoena are provided below. Note especially the steps regarding preservation of electronic data set forth in ¶ III.F.

II. <u>Definitions</u>

2



N.  "Computer files" means information in machine-readable form stored in or accessible through computer or other electronic information retrieval systems, including personal computers, portable computers, laptops, personal digital assistants ("PDAs"), cellular telephones, workstations, minicomputers, mainframes, servers, backup disks and tapes, archive disks and tapes and other forms of offline storage, whether located on or off the Company's premises or in the home, office, hotel room of any director, officer or employee or any other place of business activity by the Company.

O.  "Document" means the original of any written, recorded or graphic material, whether prepared by your Company or by any other person, that is in your Company's possession, custody or control, including memoranda, reports, letters, telegrams, electronic correspondence and other communications recorded in any form or medium; notes, minutes or transcripts of conferences, meetings or

3

telephone or other communications; contracts or other agreements; statements, ledgers or other records of financial matters or commercial transactions; notebooks or physical, electronic or computerized calendars or diaries; diagrams, graphs, charts or other drawings; plans or specifications; publications; photographs; photocopies, microfilm or other copies or reproductions; tape, disk or other electronic recordings; or computer printouts. The term includes all drafts of a document, the original document (or a copy thereof if the original is not available) and all copies that differ in any way from the original (including any notations, underlining or other markings). The term "document" also includes all data stored in electronic form or accessible through computer or other electronic information retrieval systems, together with instructions and all other materials necessary to use or interpret such data.

4



III. <u>Preliminary Instructions</u>

A. All documents responsive to this subpoena that are in the possession, custody or control of the Company must be produced, without regard to the physical location of such documents or to who prepared, created or owns them.

B. This subpoena requires the production of <u>original</u> documents. Submission of photocopies or other copies of documents made for the purpose of responding to this subpoena is unacceptable.

C. An authorized, knowledgeable individual within the Company must be designated as a custodian of records. This individual must be familiar with your Company's record-keeping procedures and the search conducted by your Company to collect all responsive documents. This individual must produce before the grand jury all documents described in this schedule of documents and be prepared to

5

testify under oath about methods of compliance and whether all documents described in this subpoena schedule have been produced.

D.  Your Company may also comply with the subpoena, in lieu of producing documents before the grand jury, by producing documents required by the subpoena by courier or overnight delivery to the address listed in ¶ IV.D., provided that each of the following requirements is met:

(1)  Your Company gives notice that it will produce documents by mail to the Department of Justice a minimum of fourteen (14) days before the date of its scheduled appearance before the grand jury;

(2)  All subpoenaed documents arrive at the Department of Justice on or before the date your Company, through its representative, is scheduled to appear before the grand jury (or on or before such other date agreed upon in writing by your Company and a representative of the Department of Justice); and

(3)  The official of your Company responsible for complying with this subpoena submits with the subpoenaed documents a sworn statement:

(a)  Stating the name and position of each person assisting in the search for the documents;

(b)  Describing all locations searched;

(c)  Identifying the documents produced by number; and

(d)  Certifying that the documents produced fully comply with the demands of the subpoena and that your Company has

6

withheld no documents, except on grounds of privilege in accordance with ¶ III.I. or based on an agreement with the Department of Justice to defer production.

E.  The documents must be produced in the order in which they are found in the Company's files and in their entirety even when only a portion of a document is responsive to the subpoena. Documents that are found stapled, clipped or otherwise fastened together, or in file folders or other enclosures, must be produced in such form and in such folders or enclosures.

F.  The definition of "document" used in this Schedule (see ¶ II.O.) includes data stored in electronic form. The Company should immediately take the following steps to ensure that it preserves all types of electronic data, wherever located, that may be responsive to this subpoena:

(1) <u>Electronic Data to be Preserved</u>. The following types of electronic data should be preserved, in accordance with the steps set forth in Paragraphs (2)-(7), below:

(a) All electronic mail, including any attachments, and all information about electronic mail (including archived email, message contents, header information and logs of electronic mail system usage) and all other electronic communications (including messaging programs) containing information responsive to the subpoena;

7

(b) All files containing information from electronic calendars and scheduling programs responsive to the subpoena;

(c) All user-created files, including word processing files, spreadsheets and presentations, containing information responsive to the subpoena;

(d) All databases (including all records, fields and structural information in such databases) containing any information, or reference to information, responsive to the subpoena;

(e) All logs of activity on computer systems that may have been used to process or store electronic data containing information responsive to the subpoena;

(f) With regard to electronic data created by application programs that process financial, accounting or billing information, all electronic data files containing information responsive to the subpoena;

(g) All electronic data files created or used by electronic spreadsheet programs, where these data files contain information responsive to the subpoena; and

(h) All other electronic data containing information responsive to the subpoena.

(2) <u>Servers/Mainframes</u>. With regard to your Company's servers and mainframes, do not modify or delete any electronic data files

8

existing as of the date of the subpoena that meet criteria set forth in Paragraph F.(1) above, unless a true and correct copy of each such electronic data file has been made and steps have been taken to ensure that this copy will be preserved and accessible for purposes of this grand jury investigation.

(3) <u>Data Storage, Backups and Archives, Floppy Diskettes, Tapes and Other Removable Electronic Media</u>. With regard to all electronic media used for storage, including magnetic tapes and cartridges and other media that, at the date of this subpoena, contained any electronic data meeting the criteria listed in Paragraph F.(1) above, stop any activity that may result in the loss of such electronic data, including rotation, destruction, overwriting or erasure of such media in whole or in part. This requirement is intended to cover all removable electronic media used for data storage in connection with your Company's computer systems, including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes and all other media, whether used with personal computers, minicomputers or mainframes, or other computers, and whether containing active data, backup data, archived data or any other electronic data, for all of your Company's computer systems.

(4) <u>Replacement and Data Storage Devices</u>. Do not dispose of any electronic data storage devices or media that may be replaced due to

9

failure, upgrade or other reasons that may contain electronic data meeting the criteria listed in Paragraph F.(1) above.

(5) <u>Personal Computers, Personal Digital Assistants ("PDAs") and Local User Hard Drives</u>. With regard to electronic data meeting the criteria listed in Paragraph F.(1) above that existed on personal, stand-alone computers (including desktops, laptops or home computers used to conduct your Company's business) as well as hand-held devices (including personal digital assistants (PDAs)) as of the date of this subpoena, do not alter or erase such data and do not perform other procedures (such as data compression, disk de-fragmentation or optimization routines, or reassignment of hard drives), which may affect such data, unless a true and correct copy has been made of these active files, copies have been made of all directory listings (including system files) for all directories and subdirectories containing these files and arrangements have been made to preserve copies during the pendency of this grand jury investigation.

(6) <u>Custom Designed Programs and Utilities</u>. Preserve copies of all custom application programs and custom database programs that are used to process electronic data responsive to this subpoena.

(7) <u>Log of System Modifications</u>. Maintain an activity log to document modifications made to any electronic data processing system that may affect the system's capability to process any electronic data

10

meeting the criteria listed in Paragraph F.(1) above, regardless of whether these modifications were made by employees, contractors, vendors or any other third party.

G. All data that are stored electronically must be produced in an electronic format. You must communicate with the attorneys for the United States to determine whether the proposed data formats and choice of media will be compatible with the equipment and resources that are available to the grand jury.

H. To facilitate the handling and return of the submitted documents, mark each page with an identifying logo or the first three letters of the Company's name and number the documents sequentially. Produce all documents in enclosures bearing the name of the Company, the date of the subpoena and the paragraph(s) of the subpoena to which the documents respond. Include an index to the documents produced containing a description of the documents produced and an identification of the person in whose files the documents were found and the subpoena paragraph(s) to which the documents respond. Use of this procedure will provide a detailed record of all documents your Company submits and assure their expeditious return at the conclusion of this investigation or any proceeding arising from it.

I. If any document, or part of a document, is withheld under claim of privilege, you must provide the following information about the document:

(1) its date;

(2) the name and title of its author(s);

11

(3) the name and title of each person to whom it was addressed;

(4) the name and title of each person to whom it was distributed;

(5) the name and title of each person to whom it was disclosed, in whole or in part;

(6) its number of pages;

(7) an identification of its attachments or appendices, if any;

(8) a description of its subject matter;

(9) its present location and the name of its present custodian;

(10) the section and paragraph of this subpoena to which it is responsive; and

(11) the nature of the claimed privilege or other reasons the document is withheld and a statement of all facts relied on in support of the claim.

Any document or part of a document withheld under a claim of privilege must be preserved. Should your Company claim a privilege in connection with only a part of a responsive document, the document must be produced in copy form with the privileged part redacted and identified as required above.

IV. Interpretation and Scope

A. Use of the singular or the plural in this schedule of documents should not be deemed a limitation, and the use of the singular should be construed to include, where appropriate, the plural. The conjunctive form "and" and the disjunctive form "or" are mutually interchangeable and encompass each other.

"Any" and "all" are mutually interchangeable and encompass each other. "And," "or," "any" and "all" as used herein are terms of inclusion and not exclusion and shall be construed so as to bring within the scope of this subpoena any document or information that might otherwise be construed to be outside its scope. Use of a verb in the present tense in referring to activities being carried on shall include such activity at any time during the time period of the subpoena, regardless of whether such activities are carried on at present.

B.   Unless otherwise specifically provided herein, the documents that must be produced pursuant to this subpoena and schedule of documents include all responsive documents prepared, sent, dated, received, used, or in effect at any time during the period from ▮▮▮▮▮▮ to the date of service of the subpoena. This period is hereinafter referred to as "the Subpoena Period."

C.   The scope of the demands of this subpoena may not be modified or limited in any way unless confirmed or acknowledged in writing, or made of record before the grand jury or in court, by a duly authorized representative of the Department of Justice.

D.   All questions relating to interpretation of or compliance with this subpoena should be directed to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13