## DECLARATION

I, Peggy L. Petrovich, United States Consul, do hereby state as follows:

1. In my capacity as Visa Unit Chief at the United States Consulate General in Toronto, Canada (hereinafter Consulate), I was responsible for coordinating and overseeing the search at the Consulate for materials responsive to the April 27, 2007, Memorandum Opinion and Order of the Honorable Paul L. Friedman, United States District Judge for the District of Columbia (hereinafter "Order of the Court"). I make the following statements based upon my personal knowledge and information made available to me in the performance of my official duties.

2. Toronto conducted a search from May 7 through May 31, 2007 for all materials responsive to the Order of the Court. The search included both electronic and physical search elements. A team of five consular staff conducted a physical search of the work spaces for Peggy Petrovich, Pat Haye, Jane Boyd, and Althea Brathwaite. Ms. Petrovich's work space was searched because she is the officer responsible for approving or denying requests for expedited appointments, and her office was formerly occupied by her predecessor, Michael Schimmel. We searched the work spaces for Pat Haye and Jane Boyd because they are, and were, the locally engaged staff ("LES") who approve(d) or schedule(d) expedited nonimmigrant visa appointments or otherwise played a role in the expedited appointment process during the time period covered by the Order of the Court. Toronto also searched the work space of Althea Brathwaite, the senior LES responsible for maintaining a binder of all Standard Operating Procedures ("SOPs"), and disseminating SOPs to visa unit staff. All four work spaces were searched because of the direct role the individuals have or had in approving or scheduling expedited appointments or maintaining the SOPs. Upon the recent discovery in the Non-Immigrant Visa ("NIV") Unit of additional documents not previously provided, all four work spaces were searched again in February 2008. No additional materials have been located.

3. Toronto's Information Management staff conducted an electronic search for responsive materials maintained in the electronic files or folders of the following LES: Jane Boyd, Althea Brathwaite, Rose Castro, Maribel Ebona, Maria Erlindson, Pat Haye, Michael Niles, and Janice Thompson. Of these LES, Rose Castro, Michael Niles, and Janice Thompson were not involved in approving or scheduling expedited appointments, and therefore, no documents were expected to be in their area. All three have conducted searches of their work spaces and confirmed that no materials relating to expedited appointments exist there. They have also confirmed that the results would have been the same had they conducted the search in May 2007.

4. Maria Erlindson served as Pat Haye's back-up when Ms. Haye was on leave, however, she only scheduled appointments that were approved by the Visa Unit Chief or his/her deputy. When serving in this capacity, she performed all related tasks at Ms. Haye's desk, so we did not search her work space because it was not a usual and customary location for materials relating to expedited appointments. Ms. Erlindson has

-1-

subsequently conducted a search of her work space and confirmed that no materials relating to expedited appointments exist there. She has also confirmed that the results would have been the same had the search been conducted in May 2007.

5. Prior to its discontinuation in December 2006, Maribel Ebona worked at Toronto's walk-up public information window, where she made notations on a hard-copy printout of the "NIV Schedule in Public Folders" calendar. She neither approved nor scheduled emergency appointments for customers; she merely recorded on the calendar when an appointment was approved. We did not search Ms. Ebona's work space in May 2007 because she neither scheduled nor approved expedited appointments and her work space was not a usual and customary location for materials relating to expedited appointments. Ms. Ebona has subsequently conducted a search of her work space and confirmed that no materials relating to expedited appointments exist there. She has also confirmed that the results would have been the same had the search been conducted in May 2007.

6. Toronto's Information Management staff conducted an electronic search for responsive materials maintained in the electronic files or folders of the following Foreign Service officers and U.S. citizen employees who either work(ed) in the Visa Unit or regularly interacted with the Visa Unit, during the period covered by the Order of the Court: Stephanie Arnold, Lindsay Henderson, James Jewett, Susan Lively, John Nay, Michael O'Keefe, Peggy Petrovich, Penny Rogers, April Scarrow, Laura Scheibe, Michael Schimmel, Sarah Sexton, Donald Steele, Robbie Thomas, Jeff Tunis, and John Whiteley. In May 2007 Toronto conducted a physical search of the Visa Unit Chief's, Peggy Petrovich, work space, which had previously been occupied by Michael Schimmel because this was a usual and customary location for materials relating to expedited appointments. Toronto did not conduct a search of Michael O'Keefe's vacated work space because it had been completely searched by Diplomatic Security in August 2006, and all materials relating to expedited appointments had been removed.

7. The team of five consular staff led by Ms. Petrovich did not conduct a physical search of John Nay's work space because he neither approve(d) nor schedule(d) expedited appointments. John Nay checked his own area in May 2007 and confirmed that it did not have any documents relating to expedited appointments. The following consular officers present at post during our May 2007 search approved expedited appointments on an occasional ad hoc basis for emergency requests that needed a prompt decision when the Visa Unit Chief was out of the office: Stephanie Arnold, April Scarrow, Laura Scheibe, Jeff Tunis, and John Whiteley. Pat Haye would email or bring the request to them for a decision and immediately return the request to the usual and customary storage location for these requests. We did not search the work spaces of these aforementioned consular officers because their involvement was limited and their work spaces were not usual and customary locations for materials relating to expedited appointment. Stephanie Arnold departed post in December 2007, but the officers who currently occupy her former space have confirmed that no materials relating to expedited appointments exist there. We have also contacted Ms. Arnold at her new assignment, and she has confirmed that she does not have any materials relating to expedited

appointments for Toronto in her possession, and she would not have had any such materials in her work space in May 2007. The other four officers named above in this paragraph have searched their own work space and confirmed that no materials relating to expedited appointments exist there. They have also confirmed that the results would have been the same had they searched in May 2007.

8. Toronto did not conduct a search of the work spaces for individuals who departed post prior to May 2007 because their work spaces were all vacated when they departed, and successors had moved new work materials into those areas. These individuals include: Lindsay Henderson, James Jewett, Susan Lively, Penny Rogers, Sarah Sexton, Donald Steele, and Robbie Thomas. We did not search the work spaces of James Jewett, Susan Lively, Penny Rogers, Sarah Sexton, and Donald Steele because they neither approve(d) nor schedule(d) expedited appointments, and therefore, no documents were expected to be in their area. The individuals currently occupying their former work spaces have confirmed that no materials relating to expedited appointments exist there.

9. Lindsay Henderson and Robbie Thomas approved expedited appointments on an occasional ad hoc basis for emergency requests that needed a prompt decision when the Visa Unit Chief was out of the office. We did not search their former work spaces both because they had departed post long before and because their involvement was limited and their work spaces were not usual and customary locations for materials relating to expedited appointments, and therefore, no documents were expected to be in their area. The officer currently occupying their former space has confirmed that no such materials were in the space when she moved in.

10. In February 2008, the Toronto Consulate discovered additional documents responsive to the April 27, 2007 Order of the Court and provided them to the government. As a result of this recent discovery, Toronto conducted an additional search, which included inquiring of each staff member in the NIV Section and all Foreign Service officers in the consulate as to whether they recall any other possible piece of written or electronic information, wherever located, that may have even the most tangential relationship to expedited appointments for the period January 1, 2004 to May 31, 2007. No new information has thus far been located that was not previously produced. All individuals have confirmed that the results would have been the same had they been asked in May 2007. Toronto is continuing to ensure that no other responsive documents that have not previously been disclosed are in existence.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*Peggy L. Petrovich* (signature)

Peggy L. Petrovich
Consul
United States Department of State
United States Consulate General Toronto
360 University Avenue
Toronto, Ontario  M5G 1S4
CANADA

CANADA
PROVINCE OF ONTARIO
CITY OF TORONTO
CONSULATE GENERAL OF THE
UNITED STATES OF AMERICA

Sworn to and subscribed before me this
4 day of March, 2008

*April Scarrow* (signature)
Notary Public

My commission expires:   INDEFINITE

APRIL D. SCARROW
VICE CONSUL OF THE
UNITED STATES OF AMERICA

- 4 -