

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
(202) 736 8000
(202) 736 8711 FAX

tgreen@sidley.com
(202) 736-8069

BEIJING        GENEVA        SAN FRANCISCO
BRUSSELS    HONG KONG    SHANGHAI
CHICAGO     LONDON        SINGAPORE
DALLAS        LOS ANGELES  TOKYO
FRANKFURT  NEW YORK     WASHINGTON, DC

FOUNDED 1866

February 29, 2008

**By Fax**

Brenda J. Johnson
Denise Cheung
Assistant United States Attorneys
555 Fourth Street, N.W.
Room 11-441
Washington, D.C. 20530

Re:   United States v. O'Keefe and Agrawal, No. 1:06-cr-00249-PLF

Dear Brenda:

We are in receipt of your fax of February 28, 2008. At the outset, we unfortunately have to correct that letter's mischaracterization of our prior statements. We never stated that "Defendant Agrawal had purposely chosen to wait and had therefore never filed the letters rogatory with the Canadian courts." We also certainly never said that "defendants were now seeking to expedite the process and bypass a timely and costly court process by having the witnesses voluntarily consent to have their depositions taken." Our primary complaint is exactly the opposite: It is the United States that has wasted our client's time and money (as well as the Court's resources) by reneging on its promise to produce the witnesses and forcing us to pursue the letters rogatory process—only to reverse course again and suggest that we abandon that process in exchange for the government's voluntary production of the witnesses.

In addition, so that the record is clear, our Canadian counsel has handled numerous letters rogatory over the course of her career. Her attempt to determine if a witness wants to consent to sit for the deposition is standard practice and a common professional courtesy. In fact, witnesses often consent because it avoids the witness's appearance in court, the unnecessary use of judicial resources, and further legal expenses. As in every similar situation, a witness need not consent, but to suggest that there is some impropriety in making the request reflects either a misunderstanding or a lack of familiarity with the process.

Finally, it bears repeating that you do not, and cannot, represent the deponents, who are potential witnesses in a criminal trial, and it is not clear why you have interjected yourself into this process and are purporting to act on their behalf. Given the history of this issue—and the Court orders that are in place—we have a professional obligation not to permit any further obstruction of our client's discovery rights. There are no "host of additional legal issues" here, as you assert. The Court's order is clear.

# SIDLEY
SIDLEY AUSTIN LLP

Brenda Johnson
February 29, 2008
Page 2

      There is only one issue left to decide. The witnesses can appear voluntarily for our deposition in the United States—without objection that the depositions took place in the United States and without objections as to notice, as to authority for taking the deposition, or as to the competency of the witnesses[1]—and subject to the reservations of our client's rights as set forth in our letter. Or we can proceed to enforce the letters rogatory before the Canadian courts in order to conduct the depositions in Canada. Let us know your preference by close of business on Monday, March 3, 2008.

Sincerely,

Thomas C. Green

cc:    Sunil Agrawal
       Bernard S. Grimm

---

[1] *See* F.R.C.P. 28 and F.R.C.P. 32(d)(1), (2) & (3).

DC1 1173339v.1