**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br>v. </br></br>MICHAEL JOHN O'KEEFE, SR. and </br>SUNIL AGRAWAL, </br></br>Defendants. | ) </br>) </br>) </br>) </br>) Criminal Case No 1:06-cr-00249-PLF/JMF </br>) </br>) </br>) </br>) |

**MEMORANDUM IN SUPPORT OF DEFENDANT
AGRAWAL'S FOURTH MOTION TO COMPEL**

This morning the government filed a Notice to the Court stating that its repeated representations to defendants and the Court regarding the Toronto consulate's destruction of electronic data were actually <u>false</u>. In particular, the government stated:

> The government has recently been informed that the United States consulate in Toronto preserved on May 29, 2007, the original electronic email search conducted pursuant to the Court's April 27, 2007 discovery order. The government, defense and the Court were previously advised that only the results of the search were preserved and not the original search material. The consulate has also preserved documents on the shared drive as of September 28, 2005 and November 2, 2007. The existence of the files has been confirmed and the government is diligently endeavoring to obtain answers to the logical follow-up questions regarding these files.

Gov't Notice to the Court (Aug. 26, 2008) (emphasis added) [Docket No. 136]. Mr. Agrawal, through counsel, respectfully moves the Court to compel the production of all electronic data "recently" discovered, pursuant to the existing protective order.

**I.    THE GOVERNMENT'S NOTICE DOES NOT RENDER DEFENDANTS' PENDING MOTION "MOOT"**

The government's "notice" does not render any part of defendants' pending motion "moot." *First*, the notice only emphasizes the need for an evidentiary hearing to explore

how the United States could so consistently and repeatedly misrepresent the most basic factual information about how it complied with its constitutional and statutory discovery obligations in this case. This Court already has made a factual finding "that the electronically stored information that was not produced by the government earlier is now gone, since no effort was made to preserve it." *See* Report and Recommendation, at 3 (Aug. 19, 2008) [Docket No. 128]. That finding was based upon the United States' concession that the data in question was destroyed. If the United States now wants to seek reconsideration of that finding, based upon "newly" discovered evidence, then the United States should file an appropriate motion. Whether or not the United States chooses to do so, the evidentiary hearing should proceed so that, *inter alia*, the Court and the defendants may explore how this case proceeded over many months based upon such a fundamental misrepresentation of fact.

*Second*, and more fundamentally, the government should immediately produce for forensic review all the data described in the government's Notice so that defendants may determine when and how such materials were created. Because the United States apparently intends to argue that the existence of this data renders this issue "moot," defendants should be permitted to review the "original search material" in order to determine what data is—and is not—actually preserved.

Moreover, production of the data is appropriate because the description by the United States of the newly discovered evidence as "original search material" is meaningless. The notice provides no information about what electronic data was preserved in the "original search material." For example, does the term "original search material" include data from the shared mailboxes which were designed to track expedited appointments? Does the "original search material" include data from the 22 consulate employee hard drives and personal network

drives, as well as archived email stored by those same employees? It appears not[1]—even though the government previously represented that searches of those locations were conducted in May 2007. *See* P. Petrovich 1st Decl. at ¶¶ 6-7. In short, the government's notice does not inform defendants or the Court what the "original search material" is and whether it encompasses the dozens of sources of potentially responsive documents that *already have been identified by the government*. *See id*.

*Third*, the government's Notice indicates that the recently discovered data was not "preserved" in response to a preservation notice. The government still does not deny that "the government and the Department of State failed to issue a preservation notice for all electronic documents." Gov't Opp. at 19 (July 3, 2008) [Docket No. 122]. Thus, it is difficult to see how the fortuitous discovery of incomplete "search material" renders moot the government's failure to preserve potentially responsive data.

*Finally*, the suggestion that the Court and the defendants simply stand by while the United States is "diligently endeavoring to obtain answers to the logical follow-up questions regarding these files" is without merit. The United States was under an obligation to "diligently endeavor" to respond to this Court's order over a year ago. It did not do so, but instead has engaged in a longstanding pattern of obfuscation and outright misrepresentation, which the United States itself attributes to the Toronto consulate.

---

[1] The government's Notice states: "the United States consulate in Toronto preserved on May 29, 2007, the original electronic *email* search …." (emphasis added).

3

Accordingly, this Court should order that the consulate's "newly discovered" evidence or the "original search material" be copied in its entirety and produced immediately for forensic examination in anticipation of the evidentiary hearing on this matter.

Dated:  August 26, 2008                         Respectfully submitted,

                                                _____/s/_____
                                                Thomas C. Green (D.C. Bar #14998)
                                                Mark D. Hopson (D.C. Bar #394338)
                                                David J. Ludlow (D.C. Bar #489136)
                                                SIDLEY AUSTIN LLP
                                                1501 K Street, NW
                                                Washington, DC 20005
                                                *Counsel for Defendant Sunil Agrawal*