## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal Case No 1:06-cr-00249-PLF/JMF |
| MICHAEL JOHN O'KEEFE, SR. and | ) |
| SUNIL AGRAWAL, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO WITHDRAW DEFENDANT AGRAWAL'S
## FOURTH MOTION TO COMPEL [DOCKET NO. 137]

Because the government has agreed to allow defendants' forensic expert access to the State Department's forensic lab in order to analyze the electronic data described in the government's August 26, 2008 Notice to the Court, Mr. Agrawal respectfully withdraws his Fourth Motion to Compel production [Docket No. 137] at this time.

Mr. Agrawal does not, however, withdraw any of the arguments made in support of that motion, nor do defendants' withdraw their motion for an evidentiary hearing [Docket Nos. 132, 133] or their Motion to Dismiss [Docket No. 115]. Mr. Agrawal specifically maintains that fortuitous discovery of incomplete legacy data cannot render moot the government's numerous failures to comply with the Court's April 27, 2007 Order. The government's recent revelations only emphasize the need for an evidentiary hearing to determine how the United States could so consistently and repeatedly misrepresent the most basic factual information about how it "complied" with its constitutional and statutory discovery obligations in this case.

If anything, defendants' position is even more correct today than its was a week ago—i.e., before the government filed its Response to Magistrate Judge Facciola's Report and Recommendation ("Response")—because, unbelievably, the government's Response continues

the pattern of obfuscation and misrepresentation.  *See* Gov't Response (Aug. 28, 2008) [Docket No. 139].

*First*, the government's opposition to conducting an evidentiary hearing speaks volumes given that the government has the burden to demonstrate it complied with the Court's April 27, 2007 Order.

*Second*, the government's most recent production of <u>additional</u> documents on August 29, 2008 is a virtual admission that the Department of State has not "ensure[d] compliance with the Court's orders" as has been repeatedly represented.  *See, e.g.*, Gov't Opp. at 5 (July 3, 2008) [Docket No. 122].[1]

*Third*, and most shocking, the government's Response actually continues to mislead the Court by advocating that an evidentiary hearing would be pointless because, to wit, discovery of <u>incomplete</u> legacy data somehow cures the consulate's failures to thoroughly search <u>all</u> data sources the consulate itself identified as relevant.  *See, e.g.*, P. Petrovich 1st Decl. at ¶¶ 6-7.  Not only does the government's Response contradict prior representations made by the consulate,[2] but it also makes representations that are objectively untrue.[3]

*Finally*, contrary to the government's assertions, *see id*. at 5, the existence of "original search material," if true, clearly weighs in favor of an evidentiary hearing in which expert testimony would determine the efficacy of the government's search terms *against* the original search material.

---

[1] *See also, e.g.,* 3/5/08 Ltr. from B. Johnson ("As a result of these recent discoveries, Toronto has conducted an additional search for any responsive documents that may have been overlooked…. The Department of State has re-contacted individuals to determine if they have any documents which might be responsive to the court's order and *plan to ensure that a more thorough search is done.*  As of present, no new information has been discovered….") (emphasis added).

[2] By defendants' count, the Response sets forth at least the fourth "version" of Ms. Petrovich's story.

[3] For instance, without any forensic support, the government continues to maintain that it produced "e-mails from shared mailboxes."  *Id*. at 5-6.  As explained in defendants' earlier Reply [Docket No. 125], defendants' expert can objectively show that this statement is not true.

For these reasons, an evidentiary hearing should still be held, consistent with Magistrate Judge Facciola's Report and Recommendation.


Dated:  September 3, 2008                    Respectfully submitted,


                                    _____/s/_____
                                    Thomas C. Green (D.C. Bar #14998)
                                    Mark D. Hopson (D.C. Bar #394338)
                                    David J. Ludlow (D.C. Bar #489136)
                                    SIDLEY AUSTIN LLP
                                    1501 K Street, NW
                                    Washington, DC 20005
                                    (202) 736-8000
                                    *Counsel for Defendant Sunil Agrawal*