**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.  )<br>)<br>MICHAEL JOHN O'KEEFE, SR. and )<br>SUNIL AGRAWAL, )<br>)<br>Defendants. ) | Criminal Case No 1:06-cr-00249-PLF/JMF |

**UNOPPOSED MOTION TO TRAVEL PURSUANT TO
CONDITIONS OF RELEASE SET BY THE MAY 23, 2008 ORDER**

Mr. Agrawal, through counsel, respectfully moves the Court to permit him to continue to travel internationally pursuant to the conditions of release set forth in the Court's May 23, 2008 Order.[1] In light of the Court's prior May 23, 2008 Order rejecting the government's opposition to modifying Mr. Agrawal's conditions of release, the government does not oppose this motion.

Because of continuing turmoil facing Mr. Agrawal's multinational operations, Mr. Agrawal requests that the May 23, 2008 conditions of release regarding international travel remain in effect and that Mr. Agrawal be permitted to travel as set forth in the attached proposed order.

**I.   ARGUMENT**

Because over 2 years have passed since the original Indictment was returned, and discovery is still ongoing, Mr. Agrawal is filing this unopposed motion to permit him to continue

---

[1] Mr. Agrawal proposes one slight change to the order—that the maximum duration of each trip be modified to 14 days instead of 10 days because of the substantial issues that need to be addressed and the sheer distance of travel in certain cases.

the travel necessary to maintain his businesses. The same business issues that were described in Mr. Agrawal's April 16, 2008 Motion to Modify Conditions of Release (filed under seal) still exist today, and because of further business turmoil caused by current economic conditions, Mr. Agrawal has a critical need to travel to his overseas operations. In particular, Mr. Agrawal needs to make important decisions about whether, for example, to downsize production facilities, reorganize business units, revamp operating plans, or wind down business lines. These are decisions that Mr. Agrawal must urgently undertake as the CEO of STS Jewels, Inc. ("STS"), and Chairman of its parent company Vaibhav Gems Limited ("VGL"), which is a publicly-traded corporation on the National Stock Exchange of India. Because Mr. Agrawal has a fiduciary duty to his shareholders to protect the continued viability of STS and VGL, his presence is necessary at, *inter alia*, board meetings (the next of which are scheduled on September 25-26, 2008), as well as investor, management, employee, and bank meetings during this tumultuous economic time.

Specifically, Mr. Agrawal will have business needs to travel to the following locations one or more times over the next six months: Bangkok, Thailand (STS Gems manufacturing business); Dusseldorf, Germany (television shopping channel); Tokyo, Japan (STS Gems wholesale business); London, United Kingdom (television shopping channel); Jaipur, Mumbai, and New Delhi, India (VGL operations); Panyu, Shenzhen, and Hong Kong, China (manufacturing business). As with the May 23, 2008 Order, the attached order proposes the time frame, duration, and location of the proposed trips.[2]

As demonstrated over the last two years, Mr. Agrawal does not present a flight risk. At all times, Mr. Agrawal has complied with the conditions of his release, including

---

[2] Although it is impossible to predict the business needs over the next six months, the order would permit somewhat generalized destination travel during the proposed time frames. Pursuant to the order, Mr. Agrawal would file a specific itinerary prior to each trip.

successfully completing the three international trips authorized by the Courts May 23, 2008 Order—all of which were made in full compliance with the set conditions. There is no question that the present conditions of release more than reasonably assure Mr. Agrawal's appearance for any trial in this matter. Moreover, the $1,000,000 secured bond and Declaration by Sunil Agrawal [Docket No. 113] ordered by the May 23, 2008 Order are still in effect.

WHEREFORE, for the above reasons, counsel respectfully requests that the Court permit Mr. Agrawal to continue to travel internationally pursuant to the same conditions of release set forth in the Court's May 23, 2008 Order.

Dated: September 5, 2008                    Respectfully submitted,

_____/s/_____

Thomas C. Green (D.C. Bar #14998)
Mark D. Hopson (D.C. Bar #394338)
David J. Ludlow (D.C. Bar #489136)
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8000